[No. B055581. Second Dist., Div. Three. Apr. 2, 1992.]

CORENE HUGHES, Plaintiff and Appellant, v.
ROY KIMBLE et al., Defendants and Respondents.

## COUNSEL

Richard L. Knickerbocker for Plaintiff and Appellant.

Earl L. Williams for Defendants and Respondents.

De Witt W. Clinton, County Counsel (Los Angeles), and Frederick R. Bennett, Assistant County Counsel, as Amici Curiae.

## OPINION

**CROSKEY, J.**—Corene Hughes appeals from an order of dismissal made under sections 583.310 and 583.360 of the Code of Civil Procedure for failure to bring the case to trial within five years.[1] The dismissal order was entered on the court's own motion in favor of the defendant Kimble.[2]

We hold that section 583.340[3] does not require the court to exclude time during which Kimble was in default from the five years allowed to bring the case to trial, and that the allowed time passed without the case being brought to trial or otherwise concluded. We therefore affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Hughes filed her original complaint for breach of contract, possession of personal property, and conversion on March 27, 1985. Kimble answered in late May or early June of 1985.

On October 30, 1986, Hughes filed an amended complaint, which was not answered. On March 17, 1987, Hughes's request for clerk's entry of default was filed, and the default was entered the same date.

After the clerk's entry of default, the matter lay dormant until February 10, 1989, when Hughes was notified that the case had been calendared for a trial setting conference, or alternatively, for dismissal under section 583.420,

[1]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure. Section 583.310 provides:

"An action shall be brought to trial within five years after the action is commenced against the defendant."

Section 583.360 provides:

"(a) An action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article.

"(b) The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."

[2]Kimble has filed no response in this appeal. With this court's permission, the superior court has filed an amicus curiae brief opposing Hughes's major contention, that dismissal of her case was prohibited by section 583.340, subdivision (c).

[3]Section 583.340 provides, in pertinent part:

"In computing the time within which an action must be brought to trial pursuant to this article, there shall be excluded the time during which any of the following conditions existed:

"(a) The jurisdiction of the court to try the action was suspended.

"(b) Prosecution or trial of the action was stayed or enjoined.

"(c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile."

subdivision (a)(2)(B).[4] Hughes's attorney appeared at the trial-setting conference on April 10, 1989, advised the court that Kimble's default had been entered, and presented the court with the original notice of entry of default in the court's file. The court thereupon took the trial setting conference and the hearing regarding discretionary dismissal off calendar, based upon the entry of the default. Counsel apparently interpreted this action by the court as indicating the court would *never* dismiss the case prior to the entry of a default judgment.

On September 21, 1990, the court served Hughes with a second notice of intention to dismiss on the court's own motion. This second notice indicated near the bottom of the sheet, below the signature of the presiding judge and next to the heading, "Order of Dismissal," that mandatory dismissal for failure to comply with section 583.310 was now being considered.

Hughes argued that the action could not be dismissed under section 583.410, because she had a meritorious claim and a reasonable excuse—serious health problems—for her delay in prosecuting the case, and because Kimble had suffered no prejudice from the delay; that the interests of justice would not be served by dismissing the action; and that the action could not be dismissed under sections 583.310 and 583.360, because the time to bring the case to trial had been tolled since March 17, 1987, the date of entry of Kimble's default.

The case was ordered dismissed on November 7, 1990. A motion for reconsideration was heard and denied on December 12, 1990. This timely appeal followed.

## CONTENTIONS ON APPEAL

Hughes's primary contention is that the action could not be dismissed under sections 583.310 and 583.360, first, because the court's motion was brought under section 583.420, and Hughes consequently had no notice that dismissal under the former sections would be considered; and secondly,

---

[4]Section 583.420 is in article 4 (§§ 583.410-583.430) of part 2, title 8, chapter 1.5 of the Code of Civil Procedure, concerning dismissals for delay in prosecution. Article 4 concerns discretionary dismissals. Section 583.410 provides that a trial court may dismiss a case for delay in prosecution if dismissal appears appropriate to the court. Section 583.420 provides that the court may not dismiss an action under article 4 unless certain designated conditions have occurred. Subdivision (a)(2)(B) of section 583.420, the subdivision cited in the court's notice of February 10, 1989, provides that an action may be dismissed if: "[¶](2) The action is not brought to trial within . . . [¶](B) Two years after the action is commenced against the defendant if the Judicial Council by rule adopted pursuant to Section 583.410 so prescribed for the court because of the condition of the court calendar or for other reasons affecting the conduct of litigation or the administration of justice."

because the trial court had a mandatory duty to exclude from the time to bring the case to trial a period of three years during which Kimble was in default.

Hughes additionally contends that: (1) the action could not be dismissed under section 583.420, because Hughes had a meritorious claim and a reasonable excuse for her delay in prosecution, and Kimble had not been prejudiced by the delay; (2) the trial court could have deferred dismissal of the action, pending Hughes's prompt application for a default judgment; (3) the trial court had the authority to reconsider its decision to dismiss; (4) this court has authority under section 473 to vacate the dismissal on the ground that Hughes's delay in prosecuting the action was owing to excusable neglect.

Appearing in this appeal as amicus curiae, the superior court contends, first, that section 583.340 does not require in every case that time during which a defendant is in default be excluded from the five-year time to bring the case to trial, and secondly, that if such a requirement were imposed, the courts' ability to eliminate delay and maintain a current docket would be seriously impaired.

DISCUSSION

1. *Hughes Waived Any Lack of Notice of the Motion for Mandatory Dismissal.*

 The record does not support Hughes's contention that she had no notice that mandatory dismissal under sections 583.310 and 583.360 would be considered by the court. Although we agree that the court's notice of motion was regrettably cryptic, Hughes waived the obscurity by actually addressing in her written pleadings each potential basis for dismissal.

The court's notice of motion was entitled, clearly enough, "Notice of Intention to Dismiss on Court's Motion." However, the text of the motion was puzzling, if not actually misleading, as to the motion's basis, stating that cause was ordered to be shown why the case should not be dismissed "for lack of prosecution pursuant to Section _____ Code of Civil Procedure." Nothing was written into the underlined blank space in the foregoing text. In print, underneath the line, there appeared a reference to section 583.420, subdivision (a)(2)(B). A second reference to section 583.420(a)(2)(B)appeared in the unsigned "Order of Dismissal," below the notice. This second reference was also in print, beneath an underlined blank space into which nothing was written. Next to the heading, "Order of

Dismissal," there appeared the handwritten gloss, "583.310." The above instances of careless drafting in the court's notice indeed tend to raise doubt whether adequate notice of the basis of dismissal was afforded.

Enigmatic though the notice may have been, however, Hughes was not ultimately deprived of a hearing on the issue of dismissal under sections 583.310 and 583.360, for Hughes's counsel addressed that issue in her opposition to the court's motion and in her motion for reconsideration. In both pleadings, Hughes argued that dismissal under section 583.360 was improper, because the five-year limitation of time provided in section 583.310 was tolled for three of the five years since the action was filed, owing to Kimble's default.

The circumstance that Hughes did argue the appropriateness of a mandatory dismissal distinguishes this case from *Maguire* v. *Collier* (1975) 49 Cal.App.3d 309 [122 Cal.Rptr. 510], cited by Hughes. That case was dismissed by the trial court under both the discretionary provisions of former section 583, subdivision (a) and the mandatory provisions of former section 583, subdivision (b).[5] The Court of Appeal found dismissal under the mandatory statute improper on the same basis as one being urged here—that the trial court improperly failed to exclude from the five-year period times when the defendant was in default. (49 Cal.App.3d at p. 313.) Although mandatory dismissal was found improper, the dismissal might yet have been sustained as a proper exercise of the court's discretion under section 583, subdivision (a). However, the defendant's dismissal motion addressed itself exclusively to subdivision (b), with no mention whatever of subdivision (a), the plaintiff's opposition was not directed to subdivision (a), there was no reporter's transcript from which it could be determined whether subdivision (a) was argued orally, and the parties made contradictory assertions as to whether it was or was not. Under these circumstances, the Court of Appeal found that the plaintiff did not have and did not waive notice of the discretionary basis of dismissal. (49 Cal.App.3d at p. 314.)

Here, by contrast, both in Hughes's opposition to the court's motion and in her motion for reconsideration, she argued the issue of mandatory dismissal, as well as the issue of discretionary dismissal. She thus waived any obscurity or ambiguity in the court's notice. Dismissal of the action was not improper on the ground of lack of notice.

---

[5] Prior to 1986, discretionary dismissal for failure to bring an action to trial within two years after filing was covered in section 583, subdivision (a) of the Code of Civil Procedure; mandatory dismissal for failure to bring an action to trial within five years was covered in section 583, subdivision (b). (See, generally, 6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 88, p. 395.)

*2. Section 583.340, Subdivision (c) Did Not Preclude Dismissal of the Action. The Determination of Whether Prosecution of an Action Was "Impossible, Impracticable, or Futile" Within the Meaning of Section 583.340, Subdivision (c) Is a Matter Within the Discretion of the Trial Court.*

In support of her claim that the time in which Kimble was in default was required to be excluded from her time to bring the case to trial, Hughes relies upon the following language in *Maguire* v. *Collier, supra,* 49 Cal.App.3d 309: "It is established law in this state that the period during which an adversary is in default, as well as the period during which a default judgment is in effect, is to be excluded from computation of the mandatory five-year dismissal under subdivision (b) of section 583 of the Code of Civil Procedure. [Citations.] Such exclusion is not discretionary with the trial court, as is the case with certain types of delay. [Citation.] Default time must be excluded and there is no discretion." (49 Cal.App.3d at p. 313.)

The foregoing rule of mandatory exclusion has been accepted without extensive analysis in some subsequent appellate court decisions. (See, e.g., *Dale* v. *ITT Life Ins. Corp.* (1989) 207 Cal.App.3d 495, 498-499 [255 Cal.Rptr. 8]; *Alvarado Community Hospital* v. *Superior Court* (1985) 173 Cal.App.3d 476, 485 [219 Cal.Rptr. 52]; *Ippolito* v. *Municipal Court* (1977) 67 Cal.App.3d 682, 686-687 [136 Cal.Rptr. 795]) However, we decline to adopt it. We note at the outset that the *Maguire* "rule" is dictum, for as we explain below, it states a considerably broader and more rigid principle than was necessary to decide the issue in *Maguire.* Nor, in any case purporting to approve the *Maguire* rule, has the rule actually been applied to exclude from the five-year period time that could not just as well have been excluded under a more narrowly drawn, or more flexible, principle. Most crucially, although the *Maguire* rule is based upon the exception to the five-year statute that applies where bringing an action to trial was for a time "impossible, impracticable, or futile" (*Dale* v. *ITT Life Ins. Corp., supra,* 207 Cal.App.3d at pp. 498-499; *Maguire* v. *Collier, supra,* 49 Cal.App.3d at p. 313), the rule is neither justified by the policy underlying that exception, nor consistent with controlling Supreme Court decisions governing the exception's application.

Originally a judicially created exception to the five-year statute, the "impossibility" exception is now codified as subdivision (c) of section 583.340 of the Code of Civil Procedure. (See generally, 6 Witkin, Cal. Procedure, *op. cit. supra,* Proceedings Without Trial, § 139 et seq.) ▪ The impossibility exception is flexible and ad hoc, in contrast to the exceptions codified in subdivisions (a) and (b) of section 583.340, which

apply in the specific circumstances where the jurisdiction of the court to try the action is suspended (§ 583.340, subd. (a)) and where prosecution of the action is stayed or enjoined (§ 583.340, subd. (b)). The impossibility exception applies wherever, from particular facts and circumstances of a case, it must be concluded that bringing the case to trial was for a time impossible. This flexible exception enables the purposes of section 583.340 to be effected when unique and case-specific circumstances reasonably justify suspension of the five-year time in a *particular case.*

The impossibility exception evolved from an earlier implied exception that was held to apply during times when the trial court was without jurisdiction to proceed with the action. (*Christin* v. *Superior Court* (1937) 9 Cal.2d 526, 530-533 [71 P.2d 205, 112 A.L.R. 1153].) In *Christin* v. *Superior Court,* the Supreme Court concluded that the same theory which justified the earlier, narrower exception applied equally to any situation where, for all practical purposes, going to trial would be impossible, whether because of the court's lack of jurisdiction, or because proceeding to trial would be impracticable or futile. (9 Cal.2d at p. 533.)

The rationale for the impossibility exception, as explicated in *Christin, supra,* and subsequent Supreme Court and appellate court decisions, may be capsulized as follows: Because the five-year statute exists to prevent *avoidable* delay for too long a period, and is not designed arbitrarily to close a proceeding at all events in five years, an exception to the statute must be recognized where, due to causes beyond the plaintiff's control, proceeding to trial would be impossible for all practical purposes, despite the exercise by the plaintiff of reasonable diligence in prosecuting the case. (*Moran* v. *Superior Court* (1983) 35 Cal.3d 229, 237-238 [197 Cal.Rptr. 546, 673 P.2d 216]; *Christin* v. *Superior Court, supra,* 9 Cal.2d at pp. 532-533; *Wilcox* v. *Ford* (1988) 206 Cal.App.3d 1170, 1174 [254 Cal.Rptr. 138]; *Heward* v. *Cromwell* (1963) 216 Cal.App.2d 613, 616 [31 Cal.Rptr. 249].)

What is impossible, impracticable, or futile is determined in light of all the circumstances of an individual case, including the acts and conduct of the parties and the nature of the proceedings themselves. The critical factor in determining whether the exception applies in a given factual situation is whether the plaintiff has exercised reasonable diligence in prosecuting his or her case. (*Moran* v. *Superior Court, supra,* 35 Cal.3d at p. 238; *Wilshire Bundy Corp.* v. *Auerbach* (1991) 228 Cal.App.3d 1280, 1286-1287 [279 Cal.Rptr. 488]; *Boutwell* v. *Kaiser Foundation Health Plan* (1988) 206 Cal.App.3d 1371, 1374 [254 Cal.Rptr. 173]; *Wilcox* v. *Ford, supra,* 206 Cal.App.3d at p. 1175.) The exception does not apply where the plaintiff has not exercised reasonable diligence in pursuing the cause of action. (*Boutwell* v. *Kaiser Foundation Health Plan, supra,* 206 Cal.App.3d at p. 1374.)

A general mandatory requirement to exclude from the five-year statute all time in which a defendant is in default, or indeed to exclude any generally described periods of time, is inconsistent with the foregoing principles. This is not to deny that certain recurrent kinds of circumstances will invariably call for application of the exception. For example, it has long been recognized that the impossibility exception obviously and necessarily applies where a plaintiff obtained a default judgment, but the judgment was later vacated. In such cases, it was plainly impossible for the plaintiff to proceed toward trial while the judgment was in effect. Such time thus clearly must be excluded from the computation of time remaining after vacation of the judgment to bring the case to trial. (*Ford* v. *Superior Court* (1973) 34 Cal.App.3d 338, 343 [109 Cal.Rptr. 844]; *Langan* v. *McCorkle* (1969) 276 Cal.App.2d 805, 807-808 [81 Cal.Rptr. 535], disapproved on other grounds in *Brunzell Constr. Co.* v. *Wagner* (1970) 2 Cal.3d 545, 555, fn. 13 [86 Cal.Rptr. 297, 468 P.2d 553]; *Matchett* v. *Ryerson* (1957) 156 Cal.App.2d 52, 54 [318 P.2d 792]; *Reeves* v. *Hutson* (1956) 144 Cal.App.2d 445, 453 [301 P.2d 264].)

In *Maguire, supra,* 49 Cal.App.3d 309, and in the earlier case of *Vanyek* v. *Heard* (1971) 18 Cal.App.3d 467 [95 Cal.Rptr. 750], time when the defendant was in default, but before a default judgment had been entered, was excluded from the five-year period, although exclusion of such time is less obviously and less invariably necessary than is exclusion of time when a default *judgment* exists. In *Vanyek*, the plaintiff obtained a clerk's entry of default and a default judgment on his complaint; Maguire obtained a clerk's entry of default and a default judgment on her cross-complaint. In each case, the judgment was later set aside and the action dismissed under former section 583, subdivision (b) for failure to proceed to trial within five years. (*Maguire* v. *Collier, supra,* 49 Cal.App.3d at pp. 311-312; *Vanyek* v. *Heard, supra,* 18 Cal.App.3d at p. 469.) In *Vanyek*, the trial court excluded from the 5-year period 175 days during which the default judgment was in effect, but not an additional 368 days between the clerk's entry of default and entry of the judgment. (*Vanyek* v. *Heard, supra,* 18 Cal.App.3d at p. 470.) In *Maguire*, the trial court excluded neither prejudgment default time nor time when the judgment was in effect. (*Maguire* v. *Collier, supra,* 49 Cal.App.3d at pp. 311-312.)

The Court of Appeal in *Maguire* reversed the order of dismissal, basing reversal upon the rule here relied upon by Hughes. (*Maguire* v. *Collier, supra,* 49 Cal.App.3d at p. 313.) The *Vanyek* court also reversed, but based its reversal upon different and, in our view, better reasoning. Without positing a general rule that would invariably exclude default time from the five-year statute, the *Vanyek* court simply found on the particular facts of the

case that default time should be excluded in that case, because under the facts, prosecution of the action had been impracticable while the defendant was in default, both before and after entry of the default judgment. (*Vanyek* v. *Heard, supra,* 18 Cal.App.3d at p. 471.)

In determining to exclude from the five-year period the time of the defendant's default, as well as the time when the default judgment was in effect, the *Vanyek* court first briefly surveyed earlier cases in which the courts had excluded certain time periods from the five-year statute, and others in which exclusion had been denied. Based upon its survey, the court concluded as follows: "The determination [whether or not to exclude time from the five-year statute] appears to revolve on the issue of the impracticality and futility or the impossibility of taking further proceedings with respect to prosecution of the action for a given period of time. [Citations.] The fair test is whether the plaintiff had a reasonable opportunity throughout the five-year period to bring the action to trial. [Citation.]" (18 Cal.App.3d at p. 471.)

On the facts of the case, the *Vanyek* court found that, having procured the default and having proceeded to a hearing on damages in order to procure a default judgment, Vanyek had taken all steps he reasonably could have taken during the period when the default and default judgment were in effect. This being the case, the court found that the time when the default, as well as the default judgment, was in effect should have been excluded from the time to bring the case to trial. (18 Cal.App.3d at p. 471.)

The reasoning of the court in *Vanyek* was more in accord than that in *Maguire* with the general principles governing application of the impossibility exception. The *Maguire* court was, of course, technically correct in observing that it is impossible to bring a case *to trial* while the defendant is in default. (49 Cal.App.3d at p. 313.) However, application of the impossibility exception is conditioned upon whether "the plaintiff exercised reasonable diligence *in prosecuting his or her case.*" (*Moran* v. *Superior Court, supra,* 35 Cal.3d at p. 238, italics added.) A default does not render *further prosecution of the case* impossible. An exercise of reasonable diligence in prosecuting the case when the defendant is in default consists of reasonable efforts to proceed to a hearing on damages and obtain a default judgment. Where such efforts by a plaintiff do not appear within a reasonable time, no principle of fairness forbids dismissal of the action.

■ Sections 583.310 and 583.360 subserve the purpose of "encourag-[ing] the expeditious disposition of litigation." (*Ippolito* v. *Municipal Court, supra,* 67 Cal.App.3d at p. 687.) The aim of the statutes is not to have trials,

but to bring cases to a conclusion, to secure for plaintiffs the relief, and to defendants, the repose, to which the law entitles them, and to free the court's resources for the efficient adjudication of other claims. The statutes focus upon the detriment to the judicial system, as well as to a defendant, that results from "tardy litigation of a claim." (*Ibid.*)

■ Here, Hughes obtained a clerk's entry of default, then failed for over three years to obtain a judgment, until the court on its own motion at last acted to dismiss the case. Neither in *Maguire*, nor in similar cases preceding or following it, has default time been excluded from computation of the five-year time limit in such circumstances.[6] Although we can imagine circumstances in which three years of default time might appropriately be excluded, it would be absurd, in our view, to *require* such exclusion in all cases, regardless of the reasonableness of the plaintiff's delay in having a judgment entered. Such a mandatory rule of exclusion would give to negligent or dilatory plaintiffs who have obtained clerk's defaults an unlimited time in which to apply for entry of a judgment. The results would include the clogging of court calendars with stale cases, and the exposure of defendants, albeit defaulting defendants, to liability in an unknown amount, on claims of unproven merit, potentially for all eternity.

As has often been held, and as we have recently had occasion to reemphasize, a plaintiff has a duty to exercise reasonable diligence to insure that a case is brought to trial or other conclusion within statutory time constraints. (*Wilshire Bundy Corp.* v. *Auerbach, supra,* 228 Cal.App.3d at p. 1286; *Boutwell* v. *Kaiser Foundation Health Plan, supra,* 206 Cal.App.3d at p. 1374; *Hill* v. *Bingham* (1986) 181 Cal.App.3d 1, 10-11 [225 Cal.Rptr. 905].) There can be no doubt that such duty includes a duty to exercise reasonable diligence in obtaining a judgment after a clerk's entry of default.

---

[6]Indeed, at the time *Maguire* was decided, former section 581a, subdivision (c) provided that a separate ground for mandatory dismissal existed if more than three years passed from the service of summons, and a default judgment was not obtained. (16 West's Ann. Code Civ. Proc. (1976 ed.) § 581a, subd. (c).) See also 6 Witkin, Cal. Procedure, *op. cit. supra,* Proceedings Without Trial, § 87.) Section 581a was repealed in 1984. (Stats. 1984, ch. 1705, § 3, p. 6176.) The provisions of subdivisions (a) and (b) of the repealed statute were reenacted in sections 583.210 through 583.250. Subdivision (c) was not continued. Respecting subdivision (c), the Assembly Legislative Committee commented as follows: "Subdivision (c) is not continued. The provision was not well understood, was unduly inflexible, and was subject to numerous implied exceptions in the case law. Whether a default must be entered or judgment taken within a particular time is a matter for judicial determination pursuant to inherent authority. . . ." (Legis. Committee Com., 16 West's Ann. Code Civ. Proc., § 581a (1992 pocket supp.), p. 19.) The foregoing explanation is consistent with our conclusion that the trial court should determine on the basis of particular facts and circumstances of a case whether the plaintiff's time to bring the case to trial should run during all, or some, or none of any time in which the defendant is in default.

Accordingly, the time between entry of a default and entry of a default judgment should be excluded from the five-year time to bring a case to trial if and only if the court finds that the plaintiff used due diligence to obtain entry of the judgment, and that in spite of such due diligence, it was impossible, impracticable, or futile to obtain a judgment.

Hughes quite correctly argues that section 583.340, subdivision (c) requires the trial court to exclude from the time to bring a case to trial time during which prosecution of the action was "impossible, impracticable, or futile." ■ However, the determination of whether the prosecution of an action was indeed impossible, impracticable, or futile during any period of time, and hence, the determination of whether the impossibility exception to the five-year statute applies, is a matter within the trial court's discretion. Such determination will not be disturbed on appeal unless an abuse of discretion is shown. (*Alvarado Community Hospital* v. *Superior Court* (1985) 173 Cal.App.3d 476, 484 [219 Cal.Rptr. 52]; *Feingersh* v. *Lutheran Hosp. Society* (1977) 66 Cal.App.3d 406, 411 [136 Cal.Rptr. 155].)

■ As we have explained above, there is no reason for an exception to the general rule where it is contended that prosecution of the action was impossible because the defendant was in default. On the facts of this case, we find no abuse of discretion in the trial court's conclusion that prosecution of the action was not "impossible" within the meaning of section 583.340, subdivision (c) during the three years when Kimble was in default. The court properly declined to exclude that time from the time to bring the case to trial.

Since we conclude that the trial court properly dismissed the action under the mandatory provisions of sections 583.310 and 583.360, we need not address Hughes's additional contentions that (1) dismissal would not have been proper under the discretionary provisions of sections 583.410 and 583.420, (2) the trial court had the authority to take other less severe action than dismissal of the case, and (3) this court has the authority to vacate the order of dismissal under section 473.

### DISPOSITION

The order of dismissal is affirmed. Costs are not awarded on this appeal, the defendant having filed no response.

Danielson, Acting P. J., and Hinz, J., concurred.