Roy HAMILTON and Sulimoni Hamilton, as Legal Representatives of the Estate of Tavau S. Hamilton, Deceased, Petitioners,

v.

SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.

No. 90–1147V.

United States Court of Federal Claims.

April 28, 1993.

**316**

Sherry K. Drew, Chicago, IL, for petitioners.

Tarek Sawi, Washington, DC, with whom was Stuart M. Gerson, Asst. Atty. Gen., Helene M. Goldberg, Director, Charles R. Gross, Asst. Director, for respondent.

## OPINION

ROBINSON: Judge.

On September 25, 1990, petitioners filed a request for compensation under the National Childhood Vaccine Injury Act, (the "Vaccine Act" or the "Act") 42 U.S.C. §§ 300aa–1 to –34 (1988), *amended by* several public laws (codified as amended at 42 U.S.C.A. §§ 300aa–1 to –34 (West Supp. 1992)),[1] as legal representatives of the estate of their daughter Tavau Sulimoni Hamilton. On November 17, 1992, Special Master Richard Abell dismissed the petition in this case for lack of jurisdiction pursuant to § 11(a)(5)(B), holding that at the time of the filing of the petition under the Vaccine Act, a civil action, seeking damages resulting from the vaccine-related death, was pending in the Superior Court of California, County of Alameda, *Hamilton v. Wyeth Laboratories*, No. 601437–3.[2] This matter is now before the court on petitioners' request for review of the special master's decision.

The special master held that California Superior Court Judge James Lambden's order dismissing the state civil action *nunc pro tunc* to a date prior to the filing in this court of the vaccine petition, failed to cure the jurisdictional defect because that order erroneously dismissed the action retroactively, rather than simply conforming the record with what had actually transpired. However, this court need not reach the question of the validity of the *nunc pro tunc* order, since the court finds that it never had jurisdiction over this petition from the beginning. This results from the fact that a party with a pending civil action

---

**1.** Individual sections of the Act will be cited herein without reference to 42 U.S.C.A. § 300aa.

**2.** § 11(a)(5)(B) provides:

[i] if a plaintiff has pending a civil action for damages for a vaccine-related injury or death, such person may not file a petition under [the Vaccine Program] for such injury or death.

is not a proper petitioner under § 11(a) and, therefore, § 12(a) fails to provide jurisdiction to this court. Accordingly, the court holds that the special master correctly dismissed the case.

### Factual Background

Tavau Hamilton died on December 12, 1982, three days after receiving a DTP vaccination. An autopsy determined SIDS (Sudden Infant Death Syndrome) to be the cause of death. On July 31, 1985, Roy and Sulimoni Hamilton filed a civil suit in the Superior Court of California, Alameda County. *Hamilton v. Wyeth Laboratories*, No. 601437–3 [hereinafter *Wyeth Laboratories*]. On July 20, 1988, petitioners stipulated to the removal of *Wyeth Laboratories* from the civil active list, and on September 21, 1990, petitioners filed under the Vaccine Act. Almost five months later, on February 13, 1991, petitioners requested dismissal in *Wyeth Laboratories* and the Clerk of the Superior Court dismissed the case.

On December 3, 1991, the Office of the Special Masters issued an order stating that this case was being processed for assignment to a special master. On December 19, 1991, ten months after the dismissal of *Wyeth Laboratories*, the statute of limitations for filing under § 300aa–11(a)(5)(A) of the Vaccine Act expired.[3]

On December 30, 1991, petitioners filed for a substituted attorney of record, the prior attorney having been disbarred for improper transfer of client funds. On January 7, 1992, and again on January 22, 1992, petitioners requested a 30–day extension of the deadline for filing an affidavit from a qualified medical expert.

Special Master Abell held the first status conference in this case on April 10, 1992. During that conference, the special master

noted that, when the present case was filed, *Wyeth Laboratories* was pending in a California court. Respondent filed a motion to dismiss and, in response, petitioners suggested that the appeal of *Carlson v. Secretary of HHS*, 23 Cl.Ct. 788 (August 19, 1991), *aff'd*, 968 F.2d 1227 (Fed.Cir. May 15, 1992), would be determinative of the instant action.[4] After *Carlson* was affirmed, the special master held a status conference on September 15, 1992. Petitioners contended that *Carlson* was not dispositive of the instant case because California Civil Procedure Code § 583.310, had automatically dismissed the state wrongful death action on July 31, 1990.[5] Since that action was filed July 31, 1985, petitioners argued, it was automatically dismissed under California law five years later, on August 2, 1990. According to this argument, petitioners properly filed under the Vaccine Act on September 21, 1990.

In response to this argument, Special Master Abell ordered petitioners to file an affidavit from a California Superior Court judge affirming that the civil action was automatically dismissed without any need for affirmative action, that none of the parties acting alone or in combination could have brought the action on for trial, and that the California Superior Court lacked jurisdiction to enter an order of dismissal on the civil action in excess of five years. Instead, petitioners obtained an order dismissing *Wyeth Laboratories nunc pro tunc* as of August 2, 1990. On November 17, 1992, Special Master Abell held that the *nunc pro tunc* order failed to cure the jurisdictional defect because it was an improper use of the order, and dismissed the petition pursuant to § 11(a)(5)(B) of the Act.

---

3. For purposes of this case only, the court assumes that the statute of limitations under the Act expired two years after December 19, 1989, the effective date on which Congress last amended § 11(a). *Cf. Carlson v. Secretary of HHS*, 23 Cl.Ct. 788, 795 (1991), *aff'd*, 968 F.2d 1227 (Fed.Cir.1992).

4. The Claims Court in *Carlson* held that a civil action that had been placed on the inactive

calendar was "pending" and, therefore, precluded filing under the Vaccine Act.

5. California Civil Procedure Code § 583.310, provides:

An action shall be brought to trial within five years after the action is commenced against the defendant.

## DISCUSSION

■ The Vaccine Act grants the Court of Federal Claims jurisdiction to review the decision of a special master. Recent amendments to the Act have limited the court's reviewing authority by "preclud[ing] de novo review in the [Court of Federal Claims] of a decision of a special master." *Hale v. Secretary of HHS*, 22 Cl.Ct. 403, 405 (1991).

Under the amended Act, the court may either uphold, remand, or set aside the findings of fact or conclusions of law of a special master. § 12(e)(2). However, the court may upset such findings and conclusions only if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[. The court may then] issue its own findings of fact and conclusions of law." § 12(e)(2)(B).

In *Hines ex rel. Sevier v. Secretary of HHS*, 940 F.2d 1518 (Fed.Cir.1991), The United States Court of Appeals for the Federal Circuit discussed the arbitrary and capricious standard at length, but declined to adopt an exact formulation of the standard for vaccine cases. *Id.* at 1528. It remarked, however, that regardless of the precise definition, " 'arbitrary and capricious' is a highly deferential standard of review." *Id.* The court explained that "[i]f the special master has considered the relevant evidence of record, drawn plausible inferences and articulated a rational basis for the decision, reversible error will be extremely difficult to demonstrate." *Id.* After carefully considering petitioners' contentions and Special Master Abell's decision, the court finds that the special master correctly dismissed the petition.[6]

**6.** Respondent waived its right to file a response to petitioners' motion for review. *See* RCFC Appendix J, Vaccine Rule 25(a) ("If a motion for review is filed, the other party may file a response thereto within 30 days of the filing of the motion. No extensions of time under this rule will be permitted, and the failure of a party timely to file such a response shall constitute a waiver of the right to respond.").

**7.** Section 12(a) states:

## I. *The California Superior Court's nunc pro tunc order failed to cure the jurisdictional defect in this court.*

■ Petitioners argue that the *nunc pro tunc* order dismissing the civil action to a date prior to the filing of the present petition cures any jurisdictional impediment raised by § 11(a)(5)(B) of the Act. The special master correctly recognized that the fiction created by the California court's *nunc pro tunc* order did not alter the reality upon which this court must focus when determining its jurisdiction. Though the special master unnecessarily relied upon the invalidity of the *nunc pro tunc* order, his ultimate decision to dismiss this case was in accordance with the law. The language of § 11(a)(5)(B) compels this court to find that the jurisdictional impediment in the present case may not be cured, notwithstanding the validity of the *nunc pro tunc* order under California law.

■ The court's analysis begins with § 11(a)(5)(B) which states, "If a plaintiff has pending a civil action for damages for a vaccine-related injury or death, such person may not file under subsection (b) of this section for such injury or death." The term "pending" means awaiting action, and any action that has not been formally dismissed is awaiting action. *Carlson*, 23 Cl. Ct. at 791. Therefore, despite the fact that the California Superior Court had removed *Wyeth Laboratories* from its civil active list, that case was still pending, or awaiting action by that court, *at the date of filing* of this case. As stated in *Carlson*, "a close reading of § 12(a) indicates jurisdiction only exists over a petitioner who is a proper petitioner under § 11(a) and therefore § 12(a) does not provide jurisdiction."[7]

The United States [Court of Federal Claims] and the United States [Court of Federal Claims] special masters shall, in accordance with this section, have jurisdiction over proceedings to determine if a petitioner under section 300aa–11 of this title is entitled to compensation under the Program and the amount of such compensation. The United States [Court of Federal Claims] may issue and enforce such orders as the court deems necessary to assure the prompt payment of any compensation awarded.

*Carlson,* 23 Cl.Ct. at 793 (citation omitted). Regardless of whether the subsequent *nunc pro tunc* order was valid under California law, *Carlson* teaches that from the beginning this court never had jurisdiction over the petition in this case under the applicable provisions of the Vaccine Act.

In addition, this court's interpretation of § 11(a) is in consonance with the United States Court of Appeals for the Federal Circuit's interpretation of 28 U.S.C. § 1500 (1982). Section 1500 states:

> The United States [Court of Federal Claims] shall not have jurisdiction of any claims for or in respect to which the plaintiff or his assignee has *pending* in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500 (1982) (emphasis added).

With regard to this statute, the Federal Circuit has held that "if the same claim is pending in another court at the time the complaint is filed in the [Court of Federal Claims], the [Court of Federal Claims] has no jurisdiction, regardless of when an objection is raised or acted on." *UNR Indus., Inc. v. U.S.,* 962 F.2d 1013, 1021 (Fed. Cir.), *cert. granted sub nom. Keene Corp. v. United States,* — U.S. ——, 113 S.Ct. 373, 121 L.Ed.2d 285 (1992). The Federal Circuit determined that Congress intended "to force an election of forum and to prevent simultaneous dual litigation against the government." *Id.* Likewise, Congress intended to force an election of forum through the similarly phrased § 11(a)(5)(B). *Carlson,* 23 Cl.Ct. at 792. Accordingly, this court is required to look at the actual date of filing of the petition to determine whether petitioners made a non-binding election of forum in which to pursue their claim.[8]

## II. *The petitioners' wrongful death action in California Superior Court was not automatically dismissed five years after it was filed.*

Having decided that the actual date of filing is determinative of jurisdiction, the court's inquiry shifts to an examination of petitioners' argument that California Civil Procedure Code § 583.310 *automatically* dismissed the state wrongful death action on July 31, 1990. This argument is without merit. Statutorily prescribed actions were required for dismissal, and therefore, dismissal could not have been automatic. The lapse of five years under California Civil Procedure Code § 583.310 triggers California Civil Procedure Code § 583.360(a). That section provides, "[a]n action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if an action is not brought to trial within the time prescribed by this article." CAL.CIV.PROC.CODE § 583.360(a). In *Wyeth Laboratories,* no motion was before the court, nor was any notice given to the parties. However, both notice and action upon a motion are required procedural steps under California Civil Procedure Code § 583.360(a). In other words, prior to dismissal by the Superior Court, actual notice must be given before any action may be taken by the court pursuant to a motion. *Id.* Moreover, there may be valid grounds for not dismissing an action that has been pending for over five years. *See Hughes v. Kimble* [5 Cal.App. 4th 59], 6 Cal.Rptr.2d 616, 621 (Cal.Ct.App.1992). This eventuality explains why California courts have held that because the statute "exists to prevent avoidable delay for too long a period, and is not designed arbitrarily to close proceedings at all events in five years," exceptions exist where due to causes beyond plaintiff's control, proceeding to trial would be impossible for all practical purposes. *Hughes,* 6 Cal.Rptr.2d at 621. *See* CAL.CIV. PROC.CODE § 583.340.[9] Accordingly, we

---

8. The election of this court as the forum court is non-binding, as petitioners may pursue civil damages in another forum subject to any deficiencies raised there. *See Carlson,* 23 Cl.Ct. at 790, 793.

9. California Civil Procedure Code § 583.340 provides:

> In computing the time within which an action must be brought to trial pursuant to this article,

find that petitioners' California wrongful death action was not automatically dismissed and, therefore, was pending at the time of the filing of *this* action.

Further, this court's interpretation of the statutory provisions does not result in an inequity to petitioners. Petitioners had the opportunity to seek and obtain dismissal of their California civil action prior to filing under the Vaccine Act. Unfortunately, petitioners' formal request for dismissal of *Wyeth Laboratories* came five months after filing under the Vaccine Act. However, the jurisdictional defect was not subject to cure at that point. Petitioners originally chose to litigate in two forums by filing under the Vaccine Act while a civil action was pending. The Vaccine Act correctly places emphasis upon the actions of the petitioners at the date of filing of their claim in this court. Regardless of what the California court did in an attempt to remedy the basic jurisdictional defect in this court, unfortunately, no action by that court could effectively establish jurisdiction in this court.

## CONCLUSION

By failing to dismiss the petition and refile under the Vaccine Act prior to the date the statute of limitations expired on December 19, 1991, petitioners lost the opportunity to place this case under this court's jurisdiction.[10] Because this petition was filed while a civil action on the facts was pending, this court is compelled to affirm the special master's decision in denying jurisdiction under the Vaccine Act.

there shall be excluded the time during which any of the following conditions existed:
a) The jurisdiction of the court to try the action was suspended.
b) Prosecution or trial of the action was stayed or enjoined.
c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile.

10. Petitioners do not raise, and this court need not address, whether an equitable tolling of the statute of limitations resulted from the failure of the Office of Special Masters to act between

The Clerk of the Court shall enter judgment accordingly. No costs.

February 13, 1991 and December 19, 1991, a time period in which petitioners could have refiled.

