Roland **JOSEPH** and Marie Paulette **Joseph, Petitioners,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

**No. 90–2033V.**

United States Court of Federal Claims.

Nov. 1, 1993.

Thomas J. Corrigan, Jr., Washington Crossing, PA, for petitioners.

Michael P. Milmoe, Civil Div., United States Dept. of Justice, Washington, DC, with whom were Frank W. Hunger, Asst. Atty. Gen., Helene M. Goldberg, Director, and Gerard W. Fischer, Asst. Director.

## OPINION

MARGOLIS, Judge.

This vaccine case comes before the court on the petitioners' motion to review the special master's order dismissing with prejudice their petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa–1, *et seq.* (hereinafter "Vaccine Act")[1], for lack of jurisdiction. Petitioners filed their vaccine compensation claim while an unspecified civil action in Pennsylvania state court was pending. Taking advantage of the state's unique procedural system, petitioners filed their civil action against three drug manufacturers and a hospital without alleging any underlying facts, stating any cause of action, or requesting any relief.

Petitioners argue that their state suit was not a "civil action for damages for a vaccine-related injury or death" and, thus, does not deprive the court of jurisdiction pursuant to section 11(a)(6) of the Vaccine Act.[2] Respondent contends that petition-

---

1. For convenience, discussion of individual sections of the Vaccine Act may exclude reference to 42 U.S.C. § 300aa.

2. 42 U.S.C. § 300aa–11(a)(6) reads:
   If a person brings a civil action after November 15, 1988 for damages for a vaccine-related injury or death associated with the adminis-

tration of a vaccine before November 15, 1988, such person may not file a petition under subsection (b) of this section for such injury or death.

ers' civil action satisfied the language of section 11(a)(6) and, therefore, deprives the court of jurisdiction.

After careful review of the record and after hearing oral argument, the court finds that the special master erred in finding that petitioners' unspecified state suit was a "civil action ... for damages for a vaccine-related ... death" as contemplated by section 11(a)(6) of the Vaccine Act.

## FACTS

The basic facts are uncontested. Tamara Joseph, then two months old, received a DPT (diphtheria, pertussis, tetanus) vaccine inoculation on December 19, 1987. She died the following day, allegedly as a result of the vaccine inoculation. Petitioners, Roland Joseph and Marie Paulette Joseph, as administrators of the estate of their deceased daughter, filed for compensation under the National Vaccine Injury Compensation Program on September 28, 1990, against the respondent, Secretary of Health and Human Services.

On December 18, 1989, prior to filing the vaccine compensation petition, a praecipe for a writ of summons was filed by petitioners in the Court of Common Pleas of Bucks County, Pennsylvania. The writ of summons named petitioners individually and as administrators of the estate as plaintiffs and named three DPT vaccine manufacturers and the hospital which treated Tamara Joseph on the day of her death as defendants. The only information contained in the writ of summons was a statement that the plaintiffs had "commenced an action" against the defendants and the names of the parties. The computer print-out of the docket sheet indicates that the prothonotary considered the praecipe one for a "writ of summons in trespass."

On November 9, 1990, petitioners filed a praecipe requesting that their state court

action be discontinued. The matter was marked discontinued by the state court so that petitioners might proceed exclusively under the National Vaccine Injury Compensation Program.

The special master dismissed the petition for compensation with prejudice on June 9, 1993. The special master concluded that petitioners' state court suit was a civil action for damages for Tamara Joseph's vaccine-related death and that section 11(a)(6) deprived the court of jurisdiction because petitioners' civil action was filed after November 15, 1988.[3] *Joseph v. Secretary of DHHS*, No. 90–2033V, slip op. at 5, 6, 1993 WL 221046 (Fed.Cl.Sp.Mstr. June 9, 1993).

## DISCUSSION

When reviewing a special master's decision pursuant to a motion for review under section 12(e) of the Vaccine Act, a judge of the United States Court of Federal Claims may uphold the decision, remand for further action, or "set aside any findings of fact or conclusion of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law." 42 U.S.C. § 300aa–12(e)(2)(B).

The statutory language of section 12(e)(2)(B) establishing the standard of review in vaccine cases is less than a model of clarity and has resulted in the application of varying standards of review for different aspects of a decision of a special master.

> These standards vary in application as well as in degree of deference. Each standard applies to a different aspect of the judgment. Fact findings are reviewed by us, as by the Claims Court judge, under the arbitrary and capricious standard; legal questions under the "not in accordance with the law" standard; and discretionary rulings under the

---

**3.** The special master alternatively found that 42 U.S.C. § 300aa–11(a)(5)(B) also deprives the court of jurisdiction. That provision reads:

> If a plaintiff has a pending civil action for damages for a vaccine-related injury or death, such person may not file a petition under

subsection (b) of this section for such injury or death.

Because the operative language of section 11(a)(5)(B) and section 11(a)(6) is identical, the court's holding applies with equal force to both provisions.

abuse of discretion standard. The latter will rarely come into play except where the special master excludes evidence. *Munn v. Secretary of DHHS*, 970 F.2d 863, 870 n. 10 (Fed.Cir.1992); *see Bradley v. Secretary of DHHS*, 991 F.2d 1570, 1574 (Fed.Cir.1993) (special master's decisions reviewed for legal error *or* factual arbitrariness); *see also Hines v. Secretary of DHHS*, 940 F.2d 1518, 1527–28 (Fed.Cir. 1991) (discussing the various standards of review of section 300aa–12(e)(2)(B)).

This guidance from the Court of Appeals for the Federal Circuit has not prevented controversy over the appropriate standard of review for various aspects of a special master's decision. *Compare Wells v. Secretary of DHHS*, 28 Fed.Cl. 647, 652 (Fed. Cl.1993) (review of legal determinations pursuant to the "not in accordance with the law" standard) *with Ultimo v. Secretary of DHHS*, 28 Fed.Cl. 148, 150 (1993) (*de novo* review of legal determinations inappropriate).

■ This court finds that review of a legal determination by the special master regarding the jurisdictional significance of filing an unspecified civil action against three vaccine manufacturers and a treating hospital, should be conducted under the "not in accordance with law" standard. 42 U.S.C. § 300aa–12(e)(2); *Munn*, 970 F.2d at 870 n. 10.

Petitioners do not dispute, and the special master properly concluded, that filing a praecipe for a writ of summons on December 18, 1989 in the Court of Common Pleas of Bucks County, Pennsylvania initiated a civil action on that date. Instead, petitioners contend that the special master drew improper conclusions from the information before him regarding whether their action deprived this court of jurisdiction because it was a civil action for damages for a vaccine-related death.

■ The court is aware of several vaccine petitions which have been dismissed because of previously filed or pending civil actions for damages for vaccine-related injuries or deaths. *See generally Hamilton v. Secretary of DHHS*, 28 Fed.Cl. 315

(1993); *Matos v. Secretary of DHHS*, 25 Cl.Ct. 703 (1992); *Greider v. Secretary of DHHS*, 23 Cl.Ct. 348 (1991). All of these cases are distinguishable on their facts. Respondent does not cite, nor has this court discovered, any case in which the record in the state court regarding the nature of the claim at issue consisted solely of the names of the parties.

Respondent suggests that the court is not required to inquire into the "nuances" of civil pleading in every jurisdiction in the nation to determine the nature of a petitioner's claim. However, the language of section 11(a)(6) is plain and unequivocal on its face: a petitioner is barred from the National Vaccine Injury Compensation Program if that petitioner initiated 1) a civil action, 2) after November 15, 1988, 3) for damages, 4) for a vaccine-related injury or death. Each of the requisite factors must be satisfied to deprive the Court of Federal Claims of jurisdiction. This court must examine the special master's treatment of each of these jurisdictional factors.

■ A writ of summons is merely a preliminary filing which informs a defendant that an action has been initiated against him. It is not a pleading and states nothing on its face about the nature of the claim. *See, e.g., Monaco v. Montgomery Cab Co.*, 417 Pa. 135, 139, 208 A.2d 252, 255 (1965). A writ of summons requires no response on the part of the defendant and allows the plaintiff to either proceed with a formal complaint or decline to pursue the action. *See, e.g., Salinger v. Shank*, 39 D & C.2d 230, 234 (1966).

The praecipe for a writ of summons by which the petitioners initiated their state court action contained the names of the parties and a statement suggesting that the plaintiffs had commenced an action against the defendants. There were no factual allegations or legal claims proffered by the petitioners in those documents. Based on the minimal information contained in the praecipe and writ of summons, no decisionmaker could rationally conclude that the civil action commenced by

the petitioners was an action for damages for a vaccine-related death.

Little additional information was available to the special master regarding petitioners' civil action. The special master observed that the plaintiffs were the parents of a deceased child who had died one day after receiving a DPT inoculation and that the praecipe was filed two days before the second anniversary of Tamara Joseph's death. He also noted that the statute of limitations for an action to recover damages for wrongful death was two years and that petitioners had filed their action "mindful of the two year statute of limitations." *Joseph*, No. 90–2033V, at 5, 1993 WL 221046; *see* 42 Pa.Cons.Stat.Ann. § 5524(2) (1992). Finally, the defendants were the hospital which treated Tamara Joseph on the day of her death and three domestic DPT vaccine manufacturers.

■ It is important to note that the defendant hospital named in the writ was not the administrator of the DPT vaccine but, instead, was the hospital to which Tamara Joseph was brought for treatment after her reaction to the inoculation. Without any factual allegations or legal theories propounded in the praecipe or writ of summons, it is impossible to determine what type claim was contemplated by petitioners against the defendant hospital. Moreover, it is clear that an action against the treating hospital would not bar a petition under the National Vaccine Injury Compensation Program. *Schumacher v. Secretary of DHHS*, 2 F.3d 1128 (Fed.Cir.1993) ("the phrase 'civil action' in each provision of § 300aa–11(a) other than (3), where it is clearly shown to the contrary, means a civil action against a vaccine administrator or manufacturer.").

Similarly, without factual allegations or legal theories set forth in the praecipe or writ of summons against the drug company defendants, it is pure speculation and conjecture to suggest that petitioners' state court action was an action for 1) *damages*, 2) *for a vaccine-related death* as required

by section 11(a)(6) of the Vaccine Act. This court finds as a matter of law that the additional information available to the special master is simply insufficient to determine the nature of petitioners' state court action. There is no indication regarding any possible actions or remedies that petitioners might have pursued against the named defendants. Thus, the special master improperly concluded that petitioners' state court action was an action for damages for a vaccine-related death. Because section 11(a)(6) requires such a finding, it cannot be construed as a jurisdictional bar in the instant case.

Assuming, *arguendo*, that the special master's determination regarding petitioners' state court action was a finding of jurisdictional fact[4] subject to an arbitrary and capricious standard of review, this court would still find for petitioners. This court remains mindful of the examples cited by the United States Court of Appeals for the Federal Circuit in outlining the parameters of arbitrary and capricious review:

> [The] reviewing court must "guard against an agency's drawing inferences that are arbitrary in relation to the facts found, no matter how substantial may be the support for those facts," *Midtec Paper Corp. v. United States*, 857 F.2d 1487, 1498 (D.C.Cir.1988) (review of agency adjudication); "the central focus of the arbitrary and capricious standard is on the rationality of the agency's 'decisionmaking,' rather than its actual decision," *United States v. Garner*, 767 F.2d 104, 116 (5th Cir.1985).

*Hines*, 940 F.2d at 1528. This court would find that the special master arbitrarily concluded without adequate foundation or rationality that petitioners' indeterminate state court action was, in fact, a civil action for damages for a vaccine-related death.

## CONCLUSION

The special master improperly found that petitioners' unspecified state suit was a

---

**4.** *See Total Medical Mgmt., Inc. v. United States,* 29 Fed.Cl. 296, 300–301 (Fed.Cl.1993) (discuss-

ing factual jurisdictional attacks).

"civil action ... for damages for a vaccine-related ... death" as contemplated by section 11(a)(6) of the Vaccine Act because there was insufficient evidence in the record to determine the nature of petitioners' state court action.

Petitioners' motion for review is granted. The court finds the exercise of jurisdiction proper in the instant case, and the petition is remanded to the special master for proceedings on the merits.