Filed 11/14/25  Vinayagam v. Debbad CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| NITHYA VINAYAGAM, | C101504 |
| Plaintiff and Appellant, | (Super. Ct. No. 34201400167448CUFRGDS) |
| v. | |
| SHRAVAN DEBBAD, | |
| Defendant and Respondent. | |

Nithya Vinayagam commenced the underlying action in 2014.  She appeals from a judgment of dismissal based on her failure to bring the action to trial within five years.  (Code Civ. Proc., §§ 583.310, 583.360.)[1]  Vinayagam contends it was impossible and impracticable to bring the matter to trial.  We affirm the judgment of dismissal.

---

[1]  Undesignated statutory references are to the Code of Civil Procedure.

1

# I. BACKGROUND

On August 8, 2014, Vinayagam filed a complaint against Shravan Debbad and NRISoft, Inc. alleging claims for intentional misrepresentation, negligent misrepresentation, concealment, and false promise. After earlier unsuccessful attempts, the complaint was personally served on January 8, 2016. Default was entered as to Debbad on April 11, 2016, and as to NRISoft on May 9, 2016. In December 2017, Vinayagam requested the court enter a $1.8 million judgment in her favor. The court rejected this request, explaining in part that the complaint did not provide notice of damages in any amount and that Vinayagam was required to file and serve an amended complaint providing this notice. The court explained that doing so would open the default and give defendants a new opportunity to answer the complaint.

On March 21, 2018, Vinayagam's counsel filed a first amended complaint alleging the same causes of action but specifying that Vinayagam sought at least $342,618.13 in special damages and at least $500,000 in general damages. Thereafter, Vinayagam's attorney sought to be relieved as counsel based on "an irreconcilable breakdown in the attorney-client relationship." The court granted her attorney's most recent motion to be relieved as counsel in September 2019.

In April 2021, the court rejected Vinayagam's attempt to file a second amended complaint on the basis that leave of court was required.

In March 2024, the court denied Vinayagam's motion for leave to file a second amended complaint for failure to comply with California Rules of Court, rule 3.1324 and, on its own motion, issued an order to show cause why the action should not be dismissed pursuant to section 583.360, subdivision (a). Vinayagam filed a response. The response did not include any citations to evidence or attach any evidence. It did argue that the time during which the action must be brought to trial should be tolled and that the action "could not [*sic*] brought to trial, because Plaintiff needed discovery and testimony from Shravan Debbad."

In May 2024, the court ordered the case dismissed without prejudice. The court "acknowledge[d] Plaintiff's arguments, her seemingly unfortunate experiences with Defendants and her prior attorney, and the difficulties she has faced trying to prosecute this case from India. However, none of the information provided in Plaintiff's response is relevant to the five-year statute. This case has been pending for nearly 10 years [and] has not been brought to trial. Defendants have been in default for approximately eight years but no efforts have been made to obtain a default judgment. Plaintiff has not presented any evidence or argument that would support application of one of the tolling exceptions. Specifically, Plaintiff has not shown that the Court's jurisdiction to try the case was ever suspended, that the action was ever stayed, or that bringing the action to trial was impossible, impracticable, or futile."

Vinayagam filed a timely appeal.

No party filed a respondent's brief.

## II. DISCUSSION

*A.    Principles of Appellate Review*

We begin with a summary of applicable appellate rules governing our review.

Where no respondent's brief has been filed, we may decide the appeal on the record, the opening brief, and any oral argument by the appellant. (Cal. Rules of Court, rule 8.220(a)(2), (c).) Vinayagam "still bears the 'affirmative burden to show error whether or not the respondent's brief has been filed,' and we 'examine the record and reverse only if prejudicial error is found.' " (*Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1078.)

"To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) Significant portions of Vinayagam's opening brief lack citation to the record. We disregard all factual assertions that are not supported by citations to the record. (*City of Lincoln v. Barringer* (2002) 102

3

Cal.App.4th 1211, 1239.)  That relevant record citations may have been provided elsewhere in the brief, such as in the factual background, does not cure a failure to support specific legal arguments with citations to the record.  (*Id.* at p. 1239, fn. 16.) "The appellate court is not required to search the record on its own seeking error."  (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.)  These rules of appellate procedure apply to Vinayagam even though she is representing herself on appeal. (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 523.)

B.      *Vinayagam Fails to Demonstrate the Trial Court Abused Its Discretion*

      1.      *Standard of Review*

Vinayagam asserts that the trial court's order is subject to de novo review and we should independently determine whether her action should be dismissed.  This is incorrect.

"An action shall be brought to trial within five years after the action is commenced against the defendant."  (§ 583.310.)  An action that is not brought within this time must be dismissed.  (§ 583.360, subd. (a).)  However, "[i]n computing the time within which an action must be brought to trial . . . , there shall be excluded the time during which any of the following conditions existed: [¶] (a) The jurisdiction of the court to try the action was suspended.  [¶] (b) Prosecution or trial of the action was stayed or enjoined.  [¶] (c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile."[2]  (§ 583.340.)  Vinayagam contends it was impossible or impracticable to bring the matter to trial.

---

[2] Section 583.210 requires that the summons and complaint be served on a defendant within three years.  (§ 583.210, subd. (a).)  Vinayagam confuses concepts by making arguments that pertain to the computation of time for purposes of this requirement.  (See § 583.240.)  Nonetheless, these arguments are not supported by any citations to the law or the facts supporting her assertion that defendants were not "amenable to the process of the court."

4

"[T]he trial court must determine what is impossible, impracticable, or futile 'in light of all the circumstances in the individual case, including the acts and conduct of the parties and the nature of the proceedings themselves. [Citations.] The critical factor in applying these exceptions to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting his or her case.' " (*Bruns v. E-Commerce Exchange, Inc*. (2011) 51 Cal.4th 717, 730-731.) However, "[a] plaintiff's reasonable diligence alone does not preclude involuntary dismissal; it is simply one factor for assessing the existing exceptions of impossibility, impracticability, or futility." (*Id*. at p. 731.)

"The question of impossibility, impracticability, or futility is best resolved by the trial court, which 'is in the most advantageous position to evaluate these diverse factual matters in the first instance.' [Citation.] The plaintiff bears the burden of proving that the circumstances warrant application of the section 583.340[, subdivision] (c) exception. . . . The trial court has discretion to determine whether that exception applies, and its decision will be upheld unless the plaintiff has proved that the trial court abused its discretion." (*Bruns v. E-Commerce Exchange, Inc*., *supra*, 51 Cal.4th at p. 731.) "Under that standard, '[t]he trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.' " (*Gaines v. Fidelity National Title Ins. Co*. (2016) 62 Cal.4th 1081, 1100.)

" 'Arguments should be tailored according to the applicable standard of appellate review.' [Citation.] Failure to acknowledge the proper scope of review is a concession of a lack of merit." (*Sonic Manufacturing Technologies, Inc. v. AAE Systems, Inc*. (2011) 196 Cal.App.4th 456, 465.) Vinayagam fails to directly address the trial court's decision, let alone establish an abuse of discretion. The trial court's conclusion that she had failed to present it with any evidence or argument that would support application of one of the tolling exceptions was correct. As we previously noted, Vinayagam's response did not include any citations to evidence or attach any evidence. On appeal, Vinayagam only

provides record citations to support one argument. A separate argument is at least arguably supported by the record. These are the only arguments we will address. The rest we conclude have been forfeited.

### 2. *Motion to Withdraw as Counsel*

On appeal, Vinayagam only provides citations to support her argument that "[a]n order or judgment entered without affording a party due process of law is void." This argument is an attack on her former attorney's motion to withdraw as counsel. This argument is unavailing. The court dropped an earlier motion to withdraw due to defective service, but the record reflects that Vinayagam appeared on her own behalf telephonically at the hearing on the motion the court did grant and indicated she did not oppose it. We cannot conclude that the court's order approving the withdrawal of counsel is void.

### 3. *Effect of Default*

On appeal, Vinayagam argues that the time between entry of default and before default judgment should be excluded. This argument, while not supported by any citations to the record, at least appears to be based on facts the court found—that defendants had been in default for approximately eight years. Vinayagam's argument relies on a statement in *Maguire v. Collier* (1975) 49 Cal.App.3d 309, 313 (*Maguire*) regarding dismissal under former section 583, subdivision (b): "It is established law in this state that the period during which an adversary is in default, as well as the period during which a default judgment is in effect, is to be excluded from computation of the mandatory five-year dismissal."

Vinayagam's case is analogous to *Hughes v. Kimble* (1992) 5 Cal.App.4th 59 (*Hughes*), which explained that the "rule" set forth in *Maguire* regarding defaults was dictum and declined to follow it. (*Id*. at p. 66.) The *Hughes* court held that the time during which a default is entered, but before any default judgment is entered, is not necessarily excluded from the five-year period during which to bring the action to trial

6

under section 583.360. (*Hughes, supra,* at pp. 66-71.) In *Hughes*, the default was entered two years after the action was commenced. (*Id*. at p. 62.) As in this case, no default judgment was entered, and the trial court dismissed the action under section 583.360 after it had been pending for more than five years. (*Hughes, supra,* at p. 63.) The Court of Appeal declined to adopt the *Maguire* rule automatically excluding from the five-year period the time in which defendant was in default on the basis this was inconsistent with the principles underlying the impossibility exception codified in subdivision (c) of section 583.340. (*Hughes, supra,* at p. 66.) The exception applies, "where, due to causes beyond the plaintiff's control, proceeding to trial would be impossible for all practical purposes, despite the exercise by the plaintiff of reasonable diligence in prosecuting the case. (*Id.* at p. 67.) The court explained "[a] default does not render further prosecution of the case impossible. An exercise of reasonable diligence in prosecuting the case when the defendant is in default consists of reasonable efforts to proceed to a hearing on damages and obtain a default judgment. Where such efforts by a plaintiff do not appear within a reasonable time, no principle of fairness forbids dismissal of the action." (*Id*. at p. 69, emphasis omitted.)

Thus, even if we assume Vinayagam has not forfeited the argument that the court should have excluded the time during which defendants were in default by failing to raise it in the trial court or failing to adequately support it on appeal, it is unavailing. We agree with *Hughes* that the entry of a default is not by itself sufficient to prevent dismissal of an action under section 583.360.

Vinayagam has failed to demonstrate the trial court abused its discretion in dismissing her action under section 583.360.

## III.  DISPOSITION

The judgment is affirmed.  Because no respondent appeared in this appeal, no party shall recover costs.  (Cal. Rules of Court, rule 8.278(a)(5).)

/S/

—————————————————
RENNER, J.

We concur:

/S/

—————————————————
ROBIE, Acting P. J.

/S/

—————————————————
WISEMAN, J.*

—————————————————

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.