Joseph RIVERA MATOS, an infant by his father and natural guardian, Victor RIVERA, Petitioner,

v.

SECRETARY OF THE DEPT. OF HEALTH AND HUMAN SERVICES, Respondent.

No. 90–690 V.

United States Claims Court.

April 3, 1992.

Preston J. Douglas, New York City, for petitioner.

Carol B. Essrick, Washington, D.C., with whom was Asst. Atty. Gen., Stuart M. Gerson, for respondent.

## ORDER

MOODY R. TIDWELL, III, Judge:

This action comes before this court on petitioners' request for review of the Special Master's November 8, 1991, decision, which denied petitioner's claim for compensation under the Childhood National Vaccine Injury Compensation Act, 42 U.S.C. § 300aa–1 (West Supp.1990).

## FACTS

Joseph Rivera Matos was administered a DPT (diphtheria, pertussis, and tetanus) vaccine on April 6, 1973, at the Bronx Lebanon Hospital Center (Bronx Lebanon). The following day, he developed a high fever and suffered a generalized seizure lasting five minutes. He was taken to Fordham

Hospital (Fordham), a unit of New York City Health & Hospitals Corporation, where a spinal tap was performed. He was diagnosed as having febrile seizures and a viral infection and was sent home medicated with phenobarbital. He had another seizure on April 8, 1973, and was taken back to Fordham, where his temperature was recorded at 105 degrees. There apparently being no bed available, Joseph was transferred to Misericordia Hospital, where he remained until May 29, 1973. He was discharged with a final diagnosis of "diffuse encephalopathy probably secondary to pertussis." He is presently profoundly retarded and multiply handicapped.

In 1976, petitioner filed civil actions against Bronx Lebanon and subsequent medical-care providers in the Bronx County Supreme Court. On November 17, 1989, Bronx Lebanon moved for summary judgment. Petitioner did not appear in the Bronx County Supreme Court to contest the motion. In a "Counter Order" dated December 18, 1989, filed December 28, 1989, the Bronx County Supreme Court, Justice Herbert Shapiro presiding, granted Bronx Lebanon's motion by default. Although the order authorized defendant Bronx Lebanon to enter judgment "on this dismissal," no judgment was ever entered. The dismissal of claims against Bronx Lebanon was not appealed.

On July 23, 1990, Joseph, through his father Victor Rivera, petitioned for relief under the National Vaccine Injury Compensation Program, Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C.A. §§ 300aa–1 to –34 (West 1991) (hereinafter "the Act"). On June 17, 1991, respondent filed a motion to dismiss the petition on the grounds that there was a civil action pending at the time the petition was filed contrary to the eligibility requirements of § 11(a)(5)(B) of the Act. Following an off-the-record status conference held on July 19, 1991, respondent filed a new motion to dismiss on September 9, 1991, contending that the petition was barred by both §§ 11(a)(5)(A) and 11(a)(5)(B).

In an Order of Dismissal filed November 8, 1991, Special Master Baird granted respondent's motion to dismiss the petition, ruling that, "[b]ecause judgment occurred in a civil action [against Bronx Lebanon] which was pending on the effective date of the Act, the petitioner is barred from pursuing the instant claim, and the petition must be dismissed." This motion for review followed.

## STANDARD OF REVIEW

■ This court may set aside a Special Master's findings of fact or conclusions of law if they are found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 42 U.S.C. § 300aa–12(e)(2)(B). *See, Carlson v. Secretary of HHS*, 23 Cl.Ct. 788, 790 (1991), *citing Loe v. Secretary of HHS*, 22 Cl.Ct. 430, 432 (1991). The scope of review for this standard is exceedingly narrow; a court "may not substitute its own judgment for that of the Special Master if the Special Master has considered all relevant factors, and has made no clear error of judgment." *Loe*, 22 Cl.Ct. at 432; *see also, Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971); *Hyundai Electronics Indus. Co. v. United States Int'l Trade Com*, 899 F.2d 1204, 1209 (Fed.Cir.1990). Contrary to petitioner's assertions, the standard of review employed by the Claims Court in its appeal capacity under the Act is not *de novo*. The Act explicitly limits this court to the narrow "arbitrary and capricious" standard for both facts and law, and it is under this standard that the court will review the case.

The cause of petitioner's injury was not at issue in the present case. Therefore, there was no issue of fact for review by this court. The parties' only dispute was whether the language of § 11(a)(5)(A) should be construed to make petitioner eligible under the Act.

## DISCUSSION

I. The Meaning of "Judgment" under § 11(a)(5)(A)

■ Section 11(a)(5)(A) of the Act provides as follows:

A plaintiff who on [October 1, 1988] has pending a civil action for damages for a vaccine-related injury or death may, at any time within 2 years after [October 1, 1988] or before judgment, whichever occurs first, elect to withdraw such action without prejudice and file a petition under subsection (b) for such injury or death.

42 U.S.C. § 300aa–11(a)(5)(A) (West Supp. 1991). According to this provision, a plaintiff seeking compensation under the Act must have no action pending in another court as of October 1, 1988. If such an action was pending, however, petitioner had until October 1, 1990, to seek dismissal without prejudice of the other action. If, in the civil action in another court, that court renders judgment on the merits prior to dismissal, plaintiff is barred from recovery here under the Act.

In the instant case, petitioner had a civil action pending against Bronx Lebanon on October 1, 1988. On December 18, 1989, the Bronx County Supreme Court granted Bronx Lebanon's motion for summary judgment and ordered the case dismissed for petitioner's failure to contest the motion. Judge Shapiro's order read in pertinent part:

> ORDERED, that the motion be and hereby is granted on default and the causes of action against the defendant BRONX LEBANON HOSPITAL CENTER are hereby severed and dismissed and said defendant may enter judgment on this dismissal without interest, costs disbursements or recourse by any party.

If, as respondent maintained, this was a judgment, then petitioner's claim would be barred under the Act. Petitioner argued, however, that it was not a judgment but merely an order authorizing the entry of judgment. As such, petitioner contended, it did not bar petitioner's eligibility to enter the compensation program.

Special Master Baird held that Congress intended to include Judge Shapiro's order in the meaning of the term "judgment" and that it was irrelevant that Bronx Lebanon never entered judgment with the clerk of the Bronx County Supreme Court. Accord-

ing to the Special Master's decision, it was reasonable to assume that Congress did not intend to omit some possible scenarios from coverage by the Act but, rather, intended the coverage of § 11(a)(5)(A) to be comprehensive. Under its limited scope of review, this court finds ample support for the Special Master's conclusion.

Neither the Act nor the United States Court of Appeals for the Federal Circuit provide guidance as to the meaning of the term "judgment." In *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978), however, the Supreme Court addressed the difference between a judgment and an order. At issue in *Bankers Trust* was whether the district court had rendered a "final decision" for purposes of appeal jurisdiction by a United States Court of Appeals. The question arose because no "separate document" evidencing the decision had been filed, as is required under Rule 58 of the Federal Rules of Civil Procedure. Rule 58 reads in pertinent part:

> Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a).

Fed.R.Civ.P. 58. Rule 79(a) reads in pertinent part:

> All ... orders, verdicts, and judgments shall be entered chronologically in the civil docket on the folio assigned to the action and shall be marked with its file number.

Fed.R.Civ.P. 79(a). Despite the foregoing provisions, *Bankers Trust* expressly held that an effective judgment did not require the filing of a separate document. According to the Court, the separate document requirement facilitated administrative convenience, and was not intended to be a "categorical imperative." *Id.* at 384, 98 S.Ct. at 1120. The Court, however, did not address directly the necessity of entering judgment with the clerk, although it did allude to it in a footnote. Footnote four in *Bankers Trust* read in pertinent part:

> [B]ecause Rule 58 provides that a "judgment is effective only ... when entered as provided in Rule 79(a)," it is arguable

that a decision must be entered on the civil docket before it may constitute a "final decision" for purposes of [appeal jurisdiction].

*Mallis* at 384, n. 4, 98 S.Ct. at 1119, n. 4. Further, the Court said:

We assume, without deciding, that the requirements for an effective judgment set forth in the Federal Rules of Civil Procedure must generally be satisfied before [appeals] jurisdiction may be invoked.

*Id.* at 384, 98 S.Ct. at 1119. Based on the foregoing dicta, the requirement of entry of judgment appears to be an open question.

The United States Courts of Appeal have seized on the ambiguity of the *Bankers Trust* decision regarding the entry of judgment requirement, and have interpreted it to mean that entry of judgment, like the separate document requirement, is but a technical formality, and not a "categorical imperative" for judgment. *See e.g., Spann v. Colonial Village, Inc.,* 899 F.2d 23 (D.C.Cir.1989); *Long Island Lighting Co. v. Brookhaven,* 889 F.2d 428, 430 (2nd Cir. 1989); *Diamond v. McKenzie,* 770 F.2d 225 (D.C.Cir.1985). In following this trend of interpretations, Special Master Baird's decision that judgment occurred in petitioner's case against Bronx Lebanon was not arbitrary and capricious. Therefore, petitioner was precluded from entering the compensation program because judgment had been rendered in a state court action prior to October 1, 1990.

## II. Dismissal under § 11(a)(5)(A)

▌ If judgment in the civil suit had not occurred by October 1, 1990, the Act required petitioner to seek dismissal without prejudice in order to remain eligible for the compensation program. Petitioner argued that he met this requirement by abandoning his claim against Bronx Lebanon and permitting Bronx Lebanon to prevail on its motion by default, which had the effect of dismissing the claim without prejudice. Special Master Baird found no support in either federal or New York law for this contention. Although the Special Master's

decision withstands review, the reasoning behind his decision was sparse. The court is compelled therefore to provide firmer legal ground on which to rest the conclusion of the Special Master.

At the time the case was dismissed by the Bronx County Supreme Court, the Act allowed plaintiff to "elect to withdraw his case without prejudice." 42 U.S.C. § 300aa–11(a)(5)(A) (1986). At the time petitioner filed for compensation under the Act, this section had been amended to permit a plaintiff to "petition to have his case dismissed without prejudice." 42 U.S.C. § 300aa–11(a)(5)(A) (amending § 300aa–11(a)(5)(A)). Because petitioner filed here on July 23, 1990, the amended version applied. Contrary to petitioner's assertion, however, there is no material difference between the two versions.

According to the legislative history to the amended version of § 11(a)(5)(A), Congress intended to clarify the fact that petitioners could not allow their civil actions to "lie dormant" while proceeding on a petition under the Act, but instead must actively have sought dismissal without prejudice. H.R.Conf.Rep.No. 386, 101st Cong., 1st Sess., 514 (1989), *reprinted in* 1989 U.S.C.C.A.N. 1906, 3117. Thus, under the previous version of § 11(a)(5)(A), the term "elect" did not, as petitioner argued, give a plaintiff a choice as to how to have his case dismissed. As the legislative history makes clear, both versions of § 11(a)(5)(A) require a plaintiff to petition the court to dismiss its case, for purposes of the Act.

Petitioner did not deny that he failed to petition the Bronx County Supreme Court to dismiss his case. He nevertheless contended that he obtained the same result under New York law by failing to defend Bronx Lebanon's motion for summary judgment. This contention, however, is based on a further misunderstanding of the means by which dismissal can be obtained under the Act. More specifically, petitioner erroneously concluded that an election to withdraw one's case under the former version of § 11(a)(5)(A) could be obtained by voluntary discontinuance of an action under Rule 3217 of the New York Civil Prac-

tice Law and Rules. New York C.P.L.R. 3217 reads in relevant part:

(a) Without an order. Any party asserting a claim may discontinue it without an order

2. by filing with the clerk of the court before the case has been submitted to the court or jury a stipulation in writing signed by the attorneys of record for all parties, provided that no party is an infant, incompetent person for whom a committee has been appointed or conservatee

.   .   .   .   .

(b) By order of court. Except as provided in subdivision (a), an action shall not be discontinued by a party asserting a claim except upon order of the court ...

New York Civ.Prac.L. & R. 3217 (McKinney 1970). N.Y.C.P.L.R. 3217 permits voluntary discontinuance of a case with or without an order of the court. Petitioner could not have proceeded by stipulation under Rule 3217(a)(2) because he is legally incompetent. Under Rule 3217(b), however, petitioner could have moved for an order for voluntary discontinuance. Therefore, petitioner was not precluded from petitioning the court for dismissal of his action, but simply failed to do so. Instead, defendant Bronx Lebanon moved for summary judgment, and petitioner failed to defend the motion, erroneously believing that the resulting dismissal would constitute an election to withdraw his case without prejudice. As established above, the Act required petitioner actively to seek dismissal without prejudice, not merely fail to defend a dispositive motion. Because he failed to comply with § 11(a)(5)(A), petitioner may not enter the compensation program, even in the absence of a judgment. For this reason, Special Master Baird's finding that petitioner's case had not been dismissed in accordance with the Act, was not arbitrary and capricious.

## CONCLUSION

After careful review, this court finds that the Special Master's conclusions of law were not arbitrary and capricious. The findings that judgment occurred in petitioner's civil action against Bronx Lebanon Hospital Center, and that petitioner failed to seek dismissal of his case before the Bronx County Supreme Court, bar petitioner from entering the compensation program. Accordingly, the opinion of the Special Master is affirmed.

IT IS SO ORDERED.