Toni **SAUNDERS, as parent and natural guardian of Chad Saunders, a minor, for and on behalf of Chad Saunders, Petitioner,**

v.

**SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

**No. 90–826 V.**

United States Claims Court.

Sept. 18, 1992.

OPINION

WIESE, Judge.

This Vaccine Act case is before the court on respondent's motion to review the decision of the special master allowing, in part, petitioner's claim for attorneys' fees and costs. Respondent argues that petitioner's statutory election to reject the judgment entered by the court on her vaccine injury compensation claim forecloses the right to any subsequent judgment awarding compensation for the attorneys' fees and costs incurred in the presentation of that claim.

## FACTS

On August 27, 1990, Toni Saunders, as parent and guardian of her son Chad Saunders, filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C.A. § 300aa–10—§ 300aa–34 (West 1991) (the Act). Petitioner alleged that a diphtheria-pertussis-tetanus (DPT) vaccination administered to Chad on October 29, 1979, resulted in a permanent seizure disorder.[1]

An evidentiary hearing was held on September 17, 1991, to determine whether petitioner was entitled to compensation under the vaccine program. On December 9, 1991, the special master issued a decision finding that petitioner had not proved by a preponderance of evidence that the subject DPT vaccine was the cause in fact of Chad's seizure disorder. *Saunders v. Secretary of the Dep't of Health & Human Servs.*, No. 90–826V, slip op. at 4, 1991 WL 274235 (Cl.Ct.Sp.Mstr. Dec. 9, 1991).

Petitioner did not seek review of this decision; accordingly, on January 13, 1992, judgment was entered dismissing the petition. On March 23, 1992, petitioner filed notice pursuant to section 2121(a) of the Act (42 U.S.C.A. § 300aa–21(a)) indicating her election to reject the court's judgment. (Under the Act, an election against the Claims Court's judgment is necessary in order to be able to continue the pursuit of

Gary L. Shockey, Jackson, Wyo., for petitioner.

Laura S. Radack, with whom were Asst. Atty. Gen., Stuart M. Gerson, Director Helene M. Goldberg, and Deputy Director John Lodge Euler, Washington, D.C., for respondent.

1. Because the onset of Chad's seizure disorder fell outside the Vaccine Injury Table's time frames, petitioner proceeded on a theory of causation in fact.

relief on the same claim in a traditional tort action).

On or about April 14, 1992, petitioner filed an application pursuant to Vaccine Rule 13 purporting to document a total of $18,660.80 in attorneys' fees and costs. The fees sought included amounts incurred in connection with the proceedings before the special master as well as in the litigation of an earlier-filed civil action for damages that petitioner had withdrawn upon the filing of her suit here. Respondent opposed the fee application *in toto*, arguing that such an award could not be allowed as a matter of law because petitioner had elected to reject the court's judgment.

On May 26, 1992, the special master issued a fee decision concluding that petitioner's election to reject the judgment did not prohibit the court from awarding attorneys' fees and costs.

Specifically, the special master held that the statutory language in section 15(e)(1) (42 U.S.C.A. § 300aa–15(e)(1)) grants authority to address the question of attorneys' fees and costs after a judgment has been entered. Moreover, that such post-judgment proceedings might also occur after an election had been made was thought by the special master to be irrelevant because "an election ... relates only to the judgment on the underlying petition." *Saunders v. Secretary of the Dep't of Health & Human Servs.*, No. 90–826V, slip op. at 2 (Cl.Ct.Sp.Mstr. May 26, 1992). The special master further noted that Vaccine Rule 13, which provides that a fee petition be filed no later than 21 days following the filing of the election, also supports the notion that a fee decision is separate and distinct from any other decision of the special master.

Finally, the special master concluded that it would run counter to the intent of the statute to deny attorneys' fees to those petitioners who elect to forego the court's judgment in favor of pursuing a conventional tort remedy. The Act, the special master pointed out, specifically permits an award of attorneys' fees and costs even to unsuccessful litigants so long as their claim was brought in good faith and had a reasonable basis in fact. Accordingly, in the special master's view, compensation for attorneys' fees and costs was appropriate.

Of the total amount claimed by petitioner, more than $7,000 involved experts' fees incurred in the proceedings before the special master. However, no part of this amount was finally allowed by the special master because it lacked supporting documentation. After exclusion of this amount, as well as certain other costs (relating to the prior civil proceeding), petitioner was awarded attorneys' fees of $3,984.00 and costs of $1,672.49.

As indicated, respondent questions the legitimacy of any award and has filed this timely motion for review. Petitioner, in turn, opposes the motion and, though having failed to file her own timely motion for review, now seeks to enlarge the case on appeal by also arguing against the special master's failure to grant compensation for the experts' fees. We address these issues below.

## DISCUSSION

■ Section 2121(a) of the Vaccine Act (42 U.S.C.A. § 300aa–21(a)) provides that:

> [a]fter judgment has been entered by the United States Claims Court ... the petitioner ... shall file with the clerk ...
>
> (1) if the judgment awarded compensation, an election in writing to receive the compensation or to file a civil action for damages for such injury or death, or
>
> (2) if the judgment did not award compensation, an election in writing to accept the judgment or to file a civil action for damages for such injury or death.

The proposition on which this appeal is founded is that an election either to accept or to reject the judgment addressed in section 21 is an acceptance or rejection of all the compensation, including attorneys' fees and costs, to which a claimant might be found entitled under the Act. It is this view of the Act's structure—one award of compensation and a payment scheme limited to one election—which leads respondent

to challenge here the special master's post-election award of attorneys' fees and costs.

The analysis that is offered in support of this conclusion is drawn from section 2115 of the Act (42 U.S.C.A. § 300aa–15). Reference is made, first of all, to paragraph (e)(1) of this section which provides, in part, that "[i]n awarding compensation on a petition ... the special master or court shall also award as part of such compensation an amount to cover ... reasonable attorneys' fees, and ... other costs." Secondly, respondent looks to paragraph (f)(1) of section 15 which directs that "no compensation may be paid until an election has been made ... under section 300aa–21(a) ... to receive compensation."

Respondent maintains that these sections, when taken together, make clear that an award of compensation must address all allowable components of that compensation including, when appropriate, attorneys' fees and costs. Further, the argument continues, these sections demonstrate that receipt of the compensation award is conditioned on acceptance of the judgment. By this construct then, any payment of attorneys' fees and costs after an election has been made to reject the judgment involves a payment not authorized by Congress.

This is not an insubstantial argument; it has the force of plain language behind it. There is a difficulty, however, and it springs from the same section from whence respondent's argument is drawn. Immediately following its opening sentence (quoted above) section 15(e)(1) goes on to say that "[i]f the judgment of the United States Claims Court ... does not award compensation, the special master or court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such [Vaccine Act] petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."

It is this language which the special master relied on to support the validity of a fee proceeding distinct from the merits determination and one occurring after judgment had been entered on the merits determination. As the special master put it, "[t]his portion of ... section [15(e)(1)] contemplates that judgment will already have been entered denying an award of compensation on the merits of the petition before the special master addresses the issue of whether to award fees and costs." *Saunders v. Secretary of the Dep't of Health & Human Servs.*, No. 90–826V, slip op. at 2 (Cl.Ct.Sp.Mstr. May 26, 1992).

Respondent disputes the correctness of this reading claiming that the quoted language is not to be taken as an authorization for a bifurcated award process but rather as an enabling provision permitting inclusion of attorneys' fees and costs as part of an award notwithstanding an otherwise negative result on the merits.

In support of this view, respondent refers us to the legislative report explaining the 1989 amendments to the Vaccine Act. H.R.Conf.Rep. No. 386, 101st Cong., 2d Sess. 509 (1989), *reprinted in* 1989 U.S.Code Cong. & Admin.News 1906, 3112. Among other things, these amendments shifted final judgment authority under the Vaccine Act from the court to the Office of Special Masters thereby necessitating corresponding changes to section 15(e)(1). The resulting amendments to section 15(e)(1)—the source of the language now under consideration—are described in the conference report as being technical and conforming changes "to clarify that the special master's or Claims Court award for amounts to cover attorney's fees and costs is to be included after proceedings are complete." H.R.Conf.Rep. No. 386 at 511; 1989 U.S.Code Cong. & Admin.News at 3114.

Respondent's argument places chief reliance on the word "included." That word, respondent maintains, signals Congress' intention that attorneys' fees be addressed in conjunction with the award on the underlying claim rather than in a separate award separately determined.

The court cannot go along with this argument; neither the statutory language in question nor the quoted legislative history can reasonably be squared with respon-

dent's assertion that the Vaccine Act contemplates only one award and one payment.

Consider first the language in question. "If the judgment of the United States Claims Court ... does not award compensation, the special master or court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs." 42 U.S.C.A. § 300aa–15(e)(1). Taken in their ordinary and everyday sense, these words have to be understood to authorize the court or the special master to enter an award for attorneys' fees and costs *after* entry of judgment on the claim-in-chief. Plainly, the statute does not require all elements of compensation to be linked in a single award. Rather, the statute treats compensation as a divisible concept the components of which may be separately determined.

Nor does the legislative history cited by respondent argue in favor of a different result. The statement that "the ... award for amounts to cover attorney's fees and costs is to be included after proceedings are complete" may not be read as only envisioning a single award encompassing all allowable elements of compensation. Consideration of attorneys' fees "after proceedings are complete" takes in as well the possibility of a supplementary award separately determined. At best, the language is ambiguous and therefore insufficient to cast doubt upon the meaning of the statute.

Putting it all together—both the opening sentence of section 15(e)(1) relied on by respondent and the second sentence of that same section relied on by the special master—we think the statute is most reasonably read as *permitting* all allowable elements of compensation to be addressed in a single award rather than as *requiring* all such elements to be addressed in a single award.

Given then that section 15 does authorize a post-judgment proceeding to address an award of attorneys' fees, is respondent nevertheless correct in claiming that such a proceeding may not occur after an election has been made? Again the answer is no.

To go back for a moment, respondent's claim that an election forecloses the right to a later payment of compensation is derived from the language of section 15(f)(1) (42 U.S.C.A. § 300aa–15(f)(1)). That section says, in effect, that compensation may not be paid until an election has been made to receive the compensation awarded by the judgment. Since the statute refers only to "an election," the contention becomes that the Act envisions only a single payment; hence, a judgment establishing the right to such payment must come before the election is made.

We agree with respondent that the Vaccine Act focuses on a single election. However, it is the judgment of the court on the merits of the suit to which the election is directed rather than any subsequent judgment dealing with attorneys' fees.

This conclusion seems to us evident from the fact that, while section 21(a)(2) requires an election even where "the judgment did not award compensation," section 15(e)(1) recognizes that, in the instance where a "judgment does not award compensation, the special master or court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs." Section 15(e)(1) therefore recognizes a distinction between a judgment on the merits and a judgment granting attorneys' fees.

Respondent has offered us no reason to assume that this distinction is not carried forward into section 21. Indeed, the rule of interpretation favoring consistency in the meaning given to common statutory terms would argue in favor of such a result. *United States v. Thompson/Center Arms Co.,* — U.S. —, — n. 5, 112 S.Ct. 2102, 2107 n. 5, 119 L.Ed.2d 308 (1992) ("normal canons of construction caution us to read the statute as a whole, and, unless there is a good reason, to adopt a consistent interpretation of a term used in more than one place within a statute").

Correctly understood, therefore, the election under section 21 pertains to the judgment on the merits. And, by similar reasoning, the requirement of section 15(f)(1) that an election in favor of the judgment

precede the payment of compensation, is a requirement for an election in favor of a judgment on the merits granting compensation. Attorneys' fees, and the judgments allowing them, are wholly separate matters.

▮▮▮ Moving on to the other issue presented here, petitioner contends that the special master's disallowance of the experts' fees reflects an arbitrary outcome because those fees were rejected, not on grounds of unreasonableness in amount but, rather, for lack of adequate supporting documentation. According to petitioner, "[t]he special master could have, and should have, requested additional information about the costs claimed in order to make an informed decision."

In answer to this argument, respondent contends that the court should not give any heed to petitioner's demand because the issue was not brought up through a timely appeal. Petitioner did not seek review of the issue within the 30–day appeal period set out at 42 U.S.C.A. § 300aa–12(e)(1). Rather, the matter was first raised in conjunction with petitioner's opposition to respondent's appeal. Thus, as respondent sees it, the appeal was not timely brought and therefore may not now be considered by the court.

Respondent goes on to say that even if the court were to consider the appeal, the outcome reached below must stand. It is pointed out that, while petitioner has the burden of substantiating the request for fees and expenses, the submission to the special master lacked any substantiation. Therefore, maintains respondent, petitioner's claim was properly rejected for failure of proof.

We agree with respondent's argument. First, concerning the timeliness of the appeal, section 12(e)(1) provides that "[u]pon issuance of the special master's decision, the parties shall have 30 days to file ... a motion to have the court review the decision [and] [i]f such a motion is filed, the other party shall file a response ... no later than 30 days after the filing of such motion." Admittedly, petitioner did not file a motion for review within the 30–day peri-

od. Therefore, any attempt on her part to challenge the decision of the special master on grounds independent of those presented in respondent's motion may not be heard. An appeal not within the statutory time limits is also not within the court's jurisdiction. *United States v. Locke*, 471 U.S. 84, 101, 105 S.Ct. 1785, 1796, 85 L.Ed.2d 64 (1985) ("[f]iling deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced").

But even if one could overcome the jurisdictional problem by claiming that the issues petitioner seeks to raise are part and parcel of respondent's claim rather than an independent basis for appeal, no change in outcome would be warranted.

Petitioner's claim was disallowed because the proof was lacking. The suggestion that the special master had an obligation to cure this defect by calling upon counsel to supply the missing information misconstrues the relationship between court and counsel. Even under the less adversarial mode of proceeding that characterizes litigation before the special masters, it remains counsel's responsibility to submit proof sufficient to support the point in issue.

Nor could it have come as any surprise to counsel that a claim for incurred costs, offered without any accompanying data, was an insufficient proof of claim. In a prior ruling entered in another vaccine injury case, petitioner's present counsel was specifically cautioned that the submission of "detailed accountings, including time records" was essential to the validation of a claim for experts' fees. *Potter v. Secretary of the Dep't of Health & Human Servs.*, No. 90–2V, slip op. at 4, 1992 WL 35788 (Cl.Ct. Sp. Mstr. Feb. 7, 1992).

Petitioner's claim for experts' fees failed for lack of proof. There was no error of law or abuse of discretion in the special master so holding.

## CONCLUSION

For the reasons stated in his opinion, the special master's fee decision in this case, entered May 26, 1992, is affirmed.