COMPUTED BY_____

AUDITED BY_____

**Lisa MUNN, Personal Representative of the Estate of Chelsea Vukelich, Petitioner,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

**No. 89–71V.**

United States Court of Federal Claims.

June 1, 1993.

Michael R. Hugo, Boston, MA, Atty. of Record, for petitioner.

Laura S. Radack, Washington, DC, with whom was Asst. Atty. Gen. Stuart M. Gerson, for respondent.

## ORDER

HARKINS, Senior Judge:

Respondent seeks review in the United States Court of Federal Claims under the National Childhood Vaccine Injury Compensation Program (the Program) of a special master's decision on December 11, 1992, that allows $30,000 compensation for attorneys' fees and costs.

The Program was established in 1986 as part of the National Childhood Vaccine Injury Act, Pub.L. No. 99–660, tit. III, § 311(a), 100 Stat. 3758, and has been amended each year since. These amendments have changed substantially procedures applicable to the functions of special masters, and review of decisions of special masters. Provisions governing the Program, as amended, are contained in 42 U.S.C.A. §§ 300aa–10 through 300aa–34 (West 1991 & Supp.1993). For convenience, further reference to the Program in this order will be to the relevant subsection of "42 U.S.C.A. § 300aa————."

Disposition of petitioner's claim for compensation under the Program has been protracted. On May 15, 1990, the special master found that petitioner was not entitled to compensation under the Program. On review in the Court of Federal Claims,[1] the special master's decision that there was no entitlement to compensation under the Program was upheld. *Munn v. Secretary of Dep't of Health & Human Servs.*, 21 Cl.Ct. 345 (1990). On further review, the Court of Appeals for the Federal Circuit affirmed that there was no entitlement to compensation. *Munn v. Secretary of Dep't of Health & Human Servs.*, 970 F.2d 863 (Fed.Cir.1992).

On October 20, 1992, pursuant to Section 21(a)(2), petitioner filed an election in writing to file a civil action. In the election notice, petitioner did not "accept the judgment." The sole issue raised in respondent's motion for review is whether under the Program, to receive attorneys' fees and costs, a petitioner must elect to accept the judgment of the court.

Respondent contends that attorneys' fees and costs are elements of compensation under the Program, and that, in order for petitioner to collect any award of compen-

---

1. On Oct. 29, 1992, the United States Claims Court was renamed the United States Court of Federal Claims, pursuant to Title IX, Section 902 of the Federal Courts Administration Act of 1992, Pub.L. No. 102–572, 106 Stat. 4506 (1992).

sation under the Program, a petitioner must first accept the judgment, regardless of whether that decision awarded compensation or determined there was no entitlement to compensation. Respondent's arguments on this issue have been considered by this court in *Saunders v. Secretary of Dep't of Health & Human Servs.*, 26 Cl.Ct. 1221 (1992), *appeal docketed,* No. 93–5037. *Saunders* determined that attorneys' fees and costs could be awarded under Section 15(e)(1) notwithstanding an election under Section 21(a)(2) to file a civil action for damages. *Saunders* has been followed in this court in review of the decision in *Klein v. Secretary of Dep't of Health & Human Servs.*, No. 91–1548V, filed March 3, 1993 (unpublished). Special masters also have followed the *Saunders* decision. *See Wodicker v. Secretary of Dep't of Health & Human Servs.*, No. 92–64V, 1993 WL 64280 (Sp.Mstr. Feb. 23, 1993); *Mains v. Secretary of Dep't of Health & Human Servs.*, No. 90–992V, 1993 WL 69724 (Sp. Mstr. Feb. 26, 1993); *Mitchell v. Secretary of Dep't of Health & Human Servs.*, No. 90–1016V, 1993 WL 129634 (Sp.Mstr. Apr. 5, 1993); *Roberson v. Secretary of Dep't of Health & Human Servs.*, No. 91–1677V, 1993 WL 120639 (Sp.Mstr. Apr. 2, 1993).

■ Entitlement to attorneys' fees and costs under the Program involves analysis of interrelated statutory provisions. The issue presented is a question of law. Review of a special master's decision in the Court of Federal Claims is of a very limited nature. This court may not set aside a conclusion of law of a special master unless such conclusion is "found to be arbitrary,

capricious, an abuse of discretion or otherwise not in accordance with law." Section 12(e)(2)(B). In the absence of such findings, this court must uphold the conclusion of law and sustain the decision. The Court of Federal Claims may not substitute its own judgment for that of the special master. *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 413–16, 91 S.Ct. 814, 822–23, 28 L.Ed.2d 136 (1971). On issues of law, recognition is to be given to the special master's expertise in the development of this novel Program. A decision on issues of law applicable to the Program should be overturned only when error is unmistakably clear.

Respondent argues that the Program does not permit an award of attorneys' fees and costs when a petitioner elects not to accept the judgment. Respondent argues that the system established by statute permits compensation to be paid only after a petitioner elects to accept the judgment, and that attorneys' fees and costs, as part of such compensation are subject to the election requirement.

*Saunders,* and petitioner, view the Program as authorizing two types of decisions on compensation: a decision on the merits of the claim, and a separate decision on attorneys' fees and reimbursement of costs. The election required by Section 21(a)(2) pertains only to the judgment on the merits. *Saunders,* 26 Cl.Ct. at 1225.

The statutory provisions directly applicable to the election issue and award of attorneys' fees and costs are Sections 15(e)(1),[2] 15(f)(1),[3] and 21(a).[4] These provisions, by

2. Section 15(e)(1) provides:
 (e) Attorneys' fees
 (1) In awarding compensation on a petition filed under section 300aa–11 ... the special master or court shall also award as part of such compensation an amount to cover—
 (A) reasonable attorneys' fees, and
 (B) other costs,
 incurred in any proceeding on such petition. If the judgment of the [Court] on such a petition does not award compensation, the special master or court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the

petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought.

3. Section 15(f)(1) provides
 Except as provided in paragraph (2), no compensation may be paid until an election has been made, or has been deemed to have been made, under section 300aa–21(a) of this title to receive compensation.

4. Section 21(a) provides in part:
 (a) Election
 After judgment has been entered by the United States [Court of Federal Claims] or, if an appeal is taken under § 300aa–12(f) of this

their terms, do not recognize a distinction between compensation on the merits of the claim and compensation for attorneys' fees and costs.

Respondent's construction of these interrelated statutory provisions has validity. Respondent's argument has the force of plain language behind it. The Program compensation provisions are contained in Section 15, and subsection (e) covers attorneys' fees and costs. It is beyond question that an award for attorneys' fees and costs is an award of Program compensation. The "election" provisions, contained in Sections 15(f)(1) and 21(a), expressly prohibit the payment of all "compensation," unless an election to accept the judgment has been filed or is deemed to have been filed.[5]

 The Program constitutes a limited waiver of sovereign immunity. The election provisions in Sections 15(f)(1) and 21(a) are express limitations on that waiver. Limitations and conditions on the waiver of sovereign immunity by the Federal Government must be strictly observed; exceptions are not to be implied. *Soriano v. United States*, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957); *Brookfield Constr. Co. v. United States*, 228 Ct.Cl. 551, 661 F.2d 159, 165 (1981).

Where a judgment does not award compensation, and the petition is to be dismissed, petitioners are required under Section 21(a)(2) to file an election in writing to accept that judgment, or, alternatively, to file a civil action for damages. There is no indication that Congress intended to treat cases differently depending on whether the compensation is for only attorneys' fees and costs.

In this case, petitioner's election clearly shows an intent to proceed in traditional civil litigation apart from the Program. The Program was erected on the concept that an award of compensation precludes a petitioner from pursuing traditional tort litigation remedies. The Program was not meant to provide a "dry run" for petitioner's eventual civil litigation. It was intended to be a "take it or leave it" proposition. Allowance of compensation for attorneys' fees and costs in this case creates a middle ground whereby a petitioner can "leave it," albeit with an award of compensation.

"Compensation" is categorized in Section 15. Section 15(a) relates to general rules applicable to four types of compensation available for a vaccine-related injury or death: (1) medical and rehabilitative care,[6] (2) death benefits,[7] (3) lost earnings,[8] and (4) pain and suffering benefits.[9] These four areas were identified as "potential compensation" to be available under the Program in the initial report on September 26, 1986, leading to the Program. H.R.Rep. No. 99–908, 99th Cong., 2d Sess., at 20 (1986), *reprinted in* 1986 U.S.C.C.A.N. 6287, 6344, 6361–62. Nothing in the legislative history indicates that compensation as described in Section 15(a) is to be subject to different treatment under the election provisions than are other categories of compensation described in the remaining subsections. The structure of Section 15 does not imply that, for purposes of the election provisions, compensation decisions on the merits of an injury claim are distinct from compensation decisions relative to attorneys' fees and costs.

Section 15(e)(1) permits an award of compensation for attorneys' fees and costs in a

---

title, after the appellate court's mandate is issued, the petitioner who filed the petition under § 300aa–11 of this title shall file with the clerk of the United States [Court of Federal Claims]—

(1) if the judgment awarded compensation, an election in writing to receive the compensation or to file a civil action for damages for such injury or death, or

(2) if the judgment did not award compensation, an election in writing to accept the judgment or to file a civil action for damages for such injury or death.

**5.** There is one exception to this prohibition, not relevant here. *See* Section 15(f)(2) (allowing certain items of compensation to be paid between the date of judgment and the filing of an election).

**6.** §§ 15(a)(1)(A) and (B).

**7.** § 15(a)(2).

**8.** § 15(a)(3).

**9.** § 15(a)(4).

case where a judgment on the merits of an injury claim does not include an award of compensation, on a determination that the petition was brought in good faith and there was a reasonable basis for the claim therein. This authorizes an award for costs incurred in proceedings in the Program. This authority does not amend or limit the requirements for an election under Sections 15(f)(1) and 21(a)(2) before any compensation may be paid. The ultimate authority of the special master or the court to award any compensation hinges on the petitioner's election to accept the judgment.

Respondent is persuasive in its argument that, since Sections 15(f)(1) and 21(a):

> .... do not expressly distinguish between compensation that only encompasses attorneys' fees and all other permissible items of compensation, there is no legal support for such a construction. The language of the statute must be considered conclusive unless there is a clearly expressed legislative intent to the contrary. *North Dakota v. United States*, 460 U.S. 300, 312 [103 S.Ct. 1095, 1102, 75 L.Ed.2d 77] (1983). The language of Sections 15(f) and 21(a) is unambiguous and no conflicting legislative intent exists.

Petitioner argues that respondent's construction of the statute would give rise to an economic conflict of interest between a petitioner and their counsel, and violate rules of professional conduct. Any such potential conflict of interest is minimal, and is avoidable. In any event, conflicts of economic interest between petitioner and counsel are recognized and accepted in other parts of the statutory scheme: *i.e.*, Section 15(f), in retrospective cases, limits compensation to a total of $30,000 for lost earnings, pain and suffering, and attorneys' fees and costs.

■ If the court had initial responsibility for decision on the issue in this case, respondent's analysis would be approved. The matter is before the court, however, for review under Section 12(e), and the standards of Section 12(e)(2)(B) apply. The court may not substitute its judgment for that of the special master. The special master's decision on this issue of law may not be set aside unless found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accord with law. Such a finding is not appropriate here. Error in the special master's decision to allow attorneys' fees and costs is not unmistakably clear.

For the foregoing reasons, in the circumstances of this case, the conclusions of law of the special master are upheld and the decision is sustained. The Clerk is directed to enter judgment in accordance with the decision of the special master.