**Clara Joan MITCHELL, Legal Representative of the Estate of James Clay Lane, Petitioner,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

**No. 90–1016V.**

United States Court of Federal Claims.

Aug. 20, 1993.

Richard Gage, Cheyenne, WY, for petitioner.

Tarek Sawi, Washington, DC, with whom was Acting Asst. Atty. Gen. Stuart E. Schiffer, for respondent.

## OPINION

MEROW, Judge.

This case is before this court on a motion to review the special master's decision to grant compensation for attorneys' fees despite the fact that the special master denied the petitioner's underlying claim for damages under the National Childhood Vaccine Injury Act of 1986 (the Vaccine Act or Act), *codified as amended,* 42 U.S.C. §§ 300aa–10 *et seq.* (West 1991 & Supp.1993). Respondent filed a motion to review and motion to stay proceedings pending the outcome of a case in the United States Court of Appeals for the Federal Circuit (the Federal Circuit).[1] Petitioner filed a response to respondent's motion for review and mo-

---

**1.** In footnote 1 of its memorandum, respondent requested that this court stay this matter until *Saunders v. Secretary of H.H.S.,* 26 Cl.Ct. 1221 (1992), *appeal docketed,* No. 93–5037 (Fed.Cir. Dec. 3, 1992), is resolved in order to "conserve resources of both counsel and this Court."

tion to stay, questioning whether statutory time limitations would preclude a stay of proceedings. Counsel have fully briefed the attorney-fee review issue raised and it would not substantially conserve resources at this time to defer a ruling. Consequently, the time limitation issue is not addressed and the motion to stay proceedings is denied.

## FACTS

Petitioner, Clara Joan Mitchell, filed a petition for relief on behalf of James Clay Lane [James] under § 300aa–11(a) of the Vaccine Act on September 17, 1990. Petitioner claimed that after receiving a diphtheria-pertussis-tetanus (DPT) shot, on March 16, 1972, James suffered an encephalitis and seizures within the time set forth in the Vaccine Injury Table. *See* 42 U.S.C. § 300aa–14(a). The petitioner also claimed that after James' second DPT shot, administered on May 1, 1972, he again suffered an encephalitis and seizures within the allotted time as set forth in the table. James suffered from a residual afebrile seizure disorder and encephalitis until he died on December 15, 1978.

The special master denied petitioner relief on the basis that "petitioner failed to establish the factual predicate for a Table injury." Special Master Final Decision, July 14, 1992. In the final decision, the special master determined that there was reasonable basis for the claim, that it was filed in good faith, and thus, he would consider a motion for attorneys' fees and costs. Judgment denying compensation

was entered on August 14, 1992 by the clerk of the court.

On November 16, 1992, petitioner elected not to accept the judgment of the special master. On November 25, 1992, petitioner filed an application for award of attorneys' fees and reimbursement of costs in the amount of $8,231.00. In a decision issued April 5, 1993, the special master awarded the full attorney-fee amount requested. Respondent filed its motion to review (and to stay the case pending the *Saunders* appeal) on May 4, 1993.[2]

## DISCUSSION

### A. Standard of Review

Decisions by special masters can be reviewed and reversed only when they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *See* 42 U.S.C. § 300aa–12(e)(2)(B); RCFC App. J, Rule 27 b. Respondent claims that the special master exceeded statutory authority in granting petitioners attorneys' fees and costs when petitioner elected to reject the special master's decision denying compensation under the Vaccine Act.

Respondent specifically refers to two provisions in the statute. Section 300aa–21(a) requires that the petitioner make an election after judgment is entered either to accept or to reject the special master's decision whether petitioner was awarded or denied compensation. 42 U.S.C. § 300aa–21(a)(1), (2).[3] The second section of the statute which respondent raises, and reads

---

2. Respondent's motion for review does not challenge the amount awarded, rather only the fact that an award was made at all. In *Saunders,* the court did not award the entire amount sought for fees due to petitioner's failure to file supportive material. *See Saunders,* 26 Cl.Ct. at 1226.

3. 42 U.S.C. § 300aa–21(a) reads in part:

After judgment has been entered by the United States [Court of Federal Claims] ..., the petitioner who filed the petition under section 300aa–11 of this title shall file with the clerk of the United States [Court of Federal Claims]—

(1) if the judgment awarded compensation, an election in writing to receive the compen-

sation or to file a civil action for damages for such injury or death, or

(2) if the judgment did not award compensation, an election in writing to accept the judgment or to file a civil action for damages for such injury or death.

42 U.S.C. § 300aa–21(a) (West 1991 & Supp. 1993). The statute does not ascribe any connotation to an election, merely that a petitioner must either file an election with the court within 90 days of the court's final judgment or, failing to do so within the prescribed time, "such person shall be deemed to have filed an election to accept the judgment of the court." *Id.*

together with § 300aa–21(a), is § 300aa–15(e) which addresses attorneys' fees and costs.[4] Respondent is correct in pointing out that attorneys' fees and costs are considered under the statutory scheme as part of compensation under § 300aa–15 of the Act. However, respondent's contention that, after an election to reject a judgment denying compensation petitioner is barred from filing a separate claim for attorneys' fees and costs, is not supported by the applicable statutory language.

### B. Statutory Construction and Interpretation

Courts must read statutes as a whole and "adopt consistent interpretation of term[s] used in more than one place within a statute," *see United States v. Thompson/Center Arms Co.,* — U.S. —, — n. 5, 112 S.Ct. 2102, 2107 n. 5, 119 L.Ed.2d 308 (1992), "so that no part is inoperative or superfluous." *See Horner v. Merit Sys. Prot. Bd.,* 815 F.2d 668, 674 (Fed.Cir.1987). Courts must also read each provision with the plain meaning of the language in mind. *See Johns–Manville Corp. v. United States,* 855 F.2d 1556, 1559–60 (Fed.Cir.1988), *cert. denied,* 489 U.S. 1066, 109 S.Ct. 1342, 103 L.Ed.2d 811 (1989); *Board of Governors of Fed. Reserve Sys. v. Dimension Fin. Corp.,* 474 U.S. 361, 373–74, 106 S.Ct. 681, 688–89, 88 L.Ed.2d 691 (1986); *Horner,* 815 F.2d at 673.

Reading § 300aa–15(e), it is clear that Congress intended that following a judgment in which petitioners were denied compensation under the Vaccine Act they could separately be reimbursed for their attorneys' fees and other costs. *See* 42 U.S.C. § 300aa–15(e); *supra* n. 4. The Act states that "[i]f the judgment … does not award compensation, the special master or judge may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred." Although the statute explicitly mandates when an election must be filed (within 90 days of the date on which judgment is entered per § 300aa–21(a)), it is silent as to when the motion for attorneys' fees and costs is to be filed. A reasonable interpretation of this provision allows a separate decision and judgment for such compensation *after* a decision denying compensation on the underlying claim has been rendered. *See* 42 U.S.C. § 300aa–15(e).[5] Such an interpretation is consistent with a reading of the court's own procedural rules regarding the filing of an application for attorneys' fees and costs.

### C. Promulgated Procedural Rules

The court's rules on elections and on applications for attorneys' fees and costs are in accord with petitioner's interpretation of the statute. "It is well established that a court's procedural rules promulgated pursuant to statutory authorization are deemed to have the force and effect of law…. [And] once adopted by the court, [are] binding on both the court and the

---

**4.** 42 U.S.C. § 300aa–15(e) reads:

(1) In awarding compensation on a petition filed under section 300aa–11 of this title the special master or court shall also award as part of such compensation an amount to cover—
  (A) reasonable attorney's fees, and
  (B) other costs,
incurred in any proceeding on such petition. *If the judgment of the United States [Court of Federal Claims] on such petition does not award compensation, the special master or court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis*

*for the claim for which the petition was brought.*
42 U.S.C. § 300aa–15(e) (West 1991 & Supp. 1993) (emphasis added).

**5.** In a situation where compensation is awarded on the vaccine claim, respondent's argument opposing a separate attorney-fee compensation judgment would have more weight. Perhaps it is intended that a judgment awarding vaccine compensation should be all inclusive. Compare Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c) (1988) (attorney-fees included as a part of judgment awarding compensation). However, § 300aa–15(e) is specific that a judgment that does *not* award vaccine compensation may be followed by an award of attorney-fee compensation.

parties litigating before the court." *See M.A. Mortenson Co. v. United States,* 996 F.2d 1177, 1184 (Fed.Cir.1993) (citations omitted). Vaccine Rule 13 of the Court of Federal Claims reads:

> Any request for attorneys' fees and costs pursuant to 42 U.S.C. § 300aa–15(e) shall be filed no later than 21 days *following* the filing of an election pursuant to Vaccine Rule 12.... The decision of the special master on the fee request shall be considered a separate decision for the purposes of Vaccine Rules 11 [Judgment] and 18 [Availability of Filings].

RCFC App. J, Rule 13 (1991) (emphasis added). Correspondingly, Vaccine Rule 12 reads:

> (a) General. When no motion for review by the [Court of Federal Claims] of a decision pursuant to Vaccine Rule 10 is filed by either party, see [RCFC] Appendix J, Review of Decision of Special Masters rendered pursuant to the National Vaccine Injury Compensation Program, petitioner shall, *within 90 days after the entry of judgment,* file with the clerk an election in writing either (1) to accept the judgment or (2) to file a civil action for damages for the alleged injury or death. Upon failure to file an election within the time prescribed, petitioner shall be deemed to have filed an election to accept the judgment.

RCFC App. J, Rule 12 (1991) (amended by Gen. Order No. 33 on Nov. 11, 1992) (emphasis added). Thus, previous decisions by this court[6] where vaccine compensation was not awarded are in accord with both the statute and the court's implementing rules regarding the filing of an election and the subsequent award of attorneys' fees.[7]

---

6. *See Saunders v. Secretary of H.H.S.,* 26 Cl.Ct. 1221 (1992); *see also Munn v. H.H.S.,* 28 Fed.Cl. 490 (1993) (affirming special master's decision granting petitioner's motion for attorneys' fees and costs after filing of election not to accept judgment denying relief under Vaccine Compensation Program).

7. The special master's decision in this matter discusses the legislative intent concerning the

## CONCLUSION

It is concluded that the special master's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Thus, it is **OR-DERED** that respondent's motions for stay of proceedings and for review of the special master's decision to award attorneys' fees and costs are **DENIED,** the Special Master's decision for such award in the amount of $8,231.00 is **AFFIRMED,** and judgment shall be so entered.

award of attorneys' fees noting the intent of Congress to " 'make adequate provision for attorney's time ... in nonprevailing good faith claims' " while simultaneously allowing petitioner to " 'pursue whatever additional remedies [...] available under applicable [state] law.' " *Mitchell,* No. 90–1016V at 6, 1993 WL 129634, *3 (Spec.Mstr. Apr. 5, 1993).