James A. EVANS, as legal representative of Anna L. Evans, an incompetent person, Petitioner,

v.

SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.

No. 90–1379V.

United States Court of Federal Claims.

Feb. 28, 1994.

Andrew W. Dodd, Torrance, CA, for petitioner.

Gerard W. Fischer, Washington, DC, for respondent.

## ORDER

LYDON, Senior Judge:

The petition for compensation in this Vaccine Injury Act case was dismissed by a decision of the special master which was upheld by this court in an unpublished order dated March 9, 1992, and later affirmed by the Federal Circuit, 976 F.2d 748 (Table). On August 25, 1992, petitioner filed with the special master a request for attorneys' fees and costs. While this request was pending, petitioner filed on September 3, 1992 an election under 42 U.S.C. §§ 300aa–21(a) to reject the judgment of the court dismissing the petition for compensation.[1] Respondent's objection to petitioner's request for attorneys' fees and costs was filed on September 8, 1992. Petitioner's reply to this objection was filed on September 21, 1992. The special master, aware of the petitioner's election to reject the judgment of the court dismissing the petition for compensation, granted petitioner attorneys' fees of $18,598.50 and reasonable costs of $3,059.27.

Respondent, objecting to the special master's award of attorneys' fees and costs, filed a motion for review and a memorandum in support thereof. Petitioner filed a timely response to this objection. Respondent's motion for review was based on the contention that a petitioner who is denied compensation under the Vaccine Act and who rejects the decision related thereto may not be awarded attorneys' fees and costs. Because this discrete issue is before the Federal Circuit on an appeal taken from this court's decision in *Saunders v. Secretary of DHHS*, 26 Cl.Ct. 1221 (1992), the court, by order dated December 15, 1992, suspended proceedings on respondent's motion for review pending decision by the Federal Circuit in *Saunders*.

## I

On October 18, 1993, petitioner filed with the court a motion for an order (1) withdrawing petitioner's previously filed notice of election to file a civil action; (2) directing entry of judgment for an award of attorneys' fees and costs to petitioner, and (3) giving notice of election to accept the previous judgment of the court dismissing the petition for compensation, finalized on August 14, 1992. In support of his motion, petitioner advised that subsequent to the filing of his notice of election to reject the adverse judgment of the court on September 3, 1992, he consulted

---

1. If the petitioner elected to accept the judgment of the court, he would be precluded under 42 U.S.C. § 300aa–21(a) from thereafter filing a civil action for damages against the vaccine administrator or manufacturer for the vaccine-related injury or death for which the judgment was entered. Because petitioner apparently intended to file such a civil action, he elected to reject the judgment of the court dismissing his petition for compensation under the Vaccine Act.

with counsel duly licensed to practice law in the State of Florida concerning the possibility of filing a traditional vaccine-related damage suit on behalf of his daughter in a Florida court. In turn petitioner was informed that the applicable Florida statute of limitations would bar any such suit in a Florida court. Petitioner's counsel confirmed this opinion from the Florida counsel.[2] Because petitioner apparently cannot pursue a civil action in the Florida (where the vaccine at issue was administered), he now requests the court to "moot" his prior election, note that he now accepts the judgment of the court, and enter a judgment awarding him attorneys' fees and costs. Petitioner offers no case law, legislative history, or anything else in support of his motion.

Respondent opposes petitioner's motion on the ground that an election under 42 U.S.C.A. § 300aa–21(a) is irrevocable and final. Under § 300aa–21(a), a petitioner has 90 days after the date of the court's final judgment with respect to which an election is to be made. Final judgment in this matter was rendered on August 14, 1992 and petitioner's election to reject the judgment was filed on September 3, 1992, some 20 days later. The 90–day period for making this election did not expire until November 12, 1992. The decision to elect to reject the judgment was filed by petitioner's counsel in order to pursue a civil action in a Florida state court.

The Vaccine Act contains no provision authorizing an election to be rescinded once it has been made. The statute does require that any election that is to be made must be filed within 90 days after the date of the final judgment. Generally, time limits under the Vaccine Act are strictly construed. *See Grimes v. Secretary of DHHS*, 988 F.2d 1196, 1198 (Fed.Cir.1993). If no election is made within that period, the Act makes an election to accept the judgment for petitioner. There is no provision in the Act to

extend the time to make an election nor is there any provision to change an election once it is made. More importantly, to permit a petitioner to reverse an election after the 90–day period had run would deprive the time limitation of any real effect and open up the potential for confusion and uncertainty and, pray not, mischief. It would seem that if Congress had intended to permit such a potentially significant act to be waivable, it would have so provided expressly. To allow revocation of elections previously made would prolong the Vaccine process and impinge on the Congressional intent that Vaccine proceedings proceed expeditiously to a "quick and certain conclusion." H.R.Rep. No. 908, 99th Cong., 2d Sess. 17 (1986), *reprinted in* 1986 U.S.C.C.A.N. 6287, 6344, 6358, *cited in Widoss v. Secretary of DHHS*, 989 F.2d 1170, 1172 (Fed.Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 381, 126 L.Ed.2d 331 (1993).

The court is not aware of any published decision on the issue of the revocability of the election provision in § 300aa–21(a), nor does the legislative history of the Vaccine Act speak directly on the matter of election revocability. However, that history does suggest that Congress intended that there be some order in the election process. Congress recognized that the election provision in the Act provides a "significant advantage [to petitioners] in knowing the outcome in one venue before choosing whether to pursue action in another." 136 Cong.Rec. S15199 (daily ed. Oct. 12, 1990). It is obvious that Congress wanted potential litigants to seriously consider the chances of success in pursuing any further claims when faced with the election requirement. Congress also noted the consequences that accompany an election of remedies. A petitioner who elects to accept the court's judgment "has given up any similar potential action in other courts." *Id.* A petitioner who elects to file a civil action must expressly reject the "[j]udgments and

---

2. Petitioner's present counsel, a California attorney, has represented petitioner since the petition for compensation was filed with court. Indeed, he signed the notice of election to reject the judgment filed September 3, 1992. It is not unreasonable to expect that at that time counsel would have fully gauged the necessities attendant

to filing suit in the Florida state court. Petitioner does not advise when he first learned that a civil suit in Florida would be time barred. It is noted, however, that over a year expired between the filing of the election in question and the filing of the motion now before the court.

awards entered under the compensation program ... before other remedies may be pursued." 1986 U.S.C.C.A.N. at 6344. A decision herein to view the election provision as an irrevocable choice once made during the 90-day period available to make the election does not run counter to the spirit of the Vaccine Act's legislative history.[3]

In the contract field, an election of remedies, once made, is considered irrevocable even though a governing statute does not so state *in haec verba.* The Contract Disputes Act, 41 U.S.C. §§ 606 and 609, provides that a contractor may appeal a contracting officer's decision to an agency board of contract appeals or instead may appeal the contracting officer's decision directly to the Court of Federal Claims. The contractor has a choice of remedies. Once he elects or chooses to go to board, he is foreclosed from thereafter rejecting that election so that he might sue directly in court. A contractor's choice of fora in which to contest a contracting officer's decision is a binding election, if that choice truly is available. *See Sante Fe Engineers v. United States,* 677 F.2d 876, 878–79 (1982); *Tuttle/White Constructors, Inc. v. United States,* 228 Ct.Cl. 354, 656 F.2d 644, 647–49 (1981). There is no basis on the facts set forth in petitioner's motion for disregarding the binding election petitioner made on September 3, 1992 to elect to reject the judgment of the court. That election should now be deemed irrevocable. Nothing has been offered by petitioner which would show that holding the election required by § 300aa–21(a) to be irrevocable once it is voluntarily made is contrary to Congressional intent, is not supported by case law generally, and is not consonant with the general purposes and language of the Act itself. The doctrine of election of remedies is as viable in the area of Vaccine Act litigation as it is in the area of contract litigation.

**II**

For reasons discussed above, petitioner's motion to (1) withdraw its election under § 300aa–21(a); (2) enter judgment for an award of attorneys' fees and costs; and (3) consider petitioner as having elected to accept the judgment is denied. This case shall remain suspended until the Federal Circuit reaches a decision in the *Saunders* case.

**IT IS SO ORDERED.**

---

**3.** Other provisions of the Vaccine Act require petitioners to make choices, or elections, relative to courses of action available to them. For example, individuals who were permitted but not required to seek compensation under the Vaccine Act were given a choice. Individuals vaccinated prior to October 1, 1988 had to choose either to file a petition for compensation under the Act or give up the right and file a civil action. That choice, once made, would seem to be irrevocable and could not be changed. *See Amendola v. Secretary of DHHS,* 989 F.2d 1180, 1184–84 (Fed.Cir.1993); *see also Hamilton v. Secretary of DHHS,* 28 Fed.Cl. 315 (1993); *Matos v. Secretary of DHHS,* 25 Cl.Ct. 703 (1992).